## DWYER v. GORAN *et al.*

**Former adjudication: ESTOPPEL.** A former adjudication in a proceeding to enjoin a judgment, does not constitute a bar to a subsequent proceeding for the same purpose, when matters are embraced therein which have transpired since the former proceeding, and which were not in issue therein.

*Appeal from General Term, Tenth District (Winneshiek County.)*

MONDAY, JUNE 20.

ACTION in equity to enjoin the collection of a judgment at law. On final hearing the petition was dismissed. The plaintiff appealed to the general term,

where the judgment was affirmed, and he now appeals to this court. The further facts are stated in the opinion.

*E. E. Cooley* for the appellant.

*E. Cutler* for the appellee.

COLE, Ch. J —Before this action was brought, this plaintiff commenced his suit against these defendants, alleging that defendant Goran, recovered judgment against him upon service of notice by copy, for ninety-nine dollars, and costs, for a trespass, before a justice of the peace; that he was about to move for a new trial, and thereupon it was agreed in writing between them, that if plaintiff would pay for the repairs made necessary by the trespass and the costs and attorney's fees, the defendant would satisfy the judgment; that he had paid the cost, attorneys' fees, and all the expenses of repairs; that, notwithstanding such payment, the defendant had issued execution, and the sheriff had levied the same upon his property : and he prayed for and obtained a temporary injunction. On the trial of that case before a referee, it was found and reported by him that all the averments were true, except that the plaintiff had not paid all the expenses of the repairs ; that fifteen dollars and eighty-five cents remained unpaid. The report was confirmed and the petition dismissed at plaintiff's cost. The plaintiff, shortly afterward, tendered defendant the sum of seventeen dollars, in payment of said balance, which he refused to receive. Soon after the tender, the defendant herein caused another execution to be issued and levied, and thereupon plaintiff brought this suit, with the same averments as in the first, except the one that he had paid all the expenses of the repairs, and instead thereof averred the tender, which was also brought into court. To this petition the defendant pleaded the former adjudication

in the bar, and the only question now made is, whether such prior suit is a bar to this.

In our opinion it is not a bar, and this, because the question of tender was not in issue in the former suit; it was a fact necessary to entitle the plaintiff to maintain his action, and it had transpired since the termination of the former suit, and could not have been an issue therein or concluded thereby. Suppose the plaintiff had received and accepted the tender in payment, and then issued his execution; is it not clear that the plaintiff might then have enjoined the levy and sale under it? It seems to us that no one could then question his right to enjoin, and the former adjudication could not be pleaded in bar. But it is true, that where a party offers and tenders full performance of a contract on his part, he has done all he can do, all the law requires of him, and his rights are the same as if the other party had accepted. It was his duty to accept, and, having refused, the law will compel him to accept and perform his duty, and that is the object of this suit.

Affirmed.