PERCIVAL ET AL. V. HARGER.

CARROLL V. THE SAME.

NEELEY ET AL. V. THE SAME.

1. **Jurisdiction**: PATENT: NOVELTY OF. Whether the Supreme Court has jurisdiction to pass upon the validity of a patent, *quaere*. Facts considered which were held sufficient to sustain the claim of novelty for the invention in question.

2. **Sale of Personal Property**: MISREPRESENTATION. In the sale of a patent right, the vendor represented that a certain contrivance of the invention was one of great utility, which subsequently proved to be worthless, while it did not affect or diminish the general utility of the invention: *Held*, that the misrepresentation was not such an one as would entitle the vendee to have the sale set aside.

3. ———: EQUITY. Equity will not interfere to protect a purchaser from the payment of an excessive consideration, who has had opportunity to examine and test the article purchased, and who is merely a sufferer from his own mistaken judgment.

*Appeal from Polk District Court.*

FRIDAY, MARCH 19.

ACTION IN CHANCERY. The petition alleges that, through false and fraudulent representations of defendant, plaintiffs were induced to purchase from him an interest in a certain patent, issued to him for an improvement or invention for supplying air to the furnaces of boilers, used in generating steam for propelling machinery. The invention, it was claimed, would supply air to the furnaces, whereby a great saving would result in the cost of fuel, and an increase of steam would be obtained; and representations to that effect, and of the great value of the invention, were made by defendant to plaintiffs, whereby they were induced to purchase a right under the patent to certain counties in the State of Ohio. The petition alleges that defendant was not the original inventor of the apparatus patented by him, and a certain improvement thereon, which he claimed was secured by

Percival v. Harger.

patent, was not, in fact, patented; that whatever is covered by defendant's patent is valueless, and all defendant's representations were untrue and fraudulent. It is shown that in payment for the right thus purchased by plaintiffs, they conveyed to defendant certain land in Guthrie county, and two lots in the city of Des Moines. The relief asked is that the conveyances for said real estate to defendant be declared void and be set aside, and, if it be made to appear that defendant has conveyed the property, that judgment be rendered against him for its value. By the final decree the court awarded to plaintiffs the relief prayed for in the petition. Defendant appeals.

*E. J. Goode*, for appellant.

*James Embree, McHenry & Bowen, Phillips & Phillips*, for appellees.

Beck, J.—I. It is first insisted by plaintiffs that the patent is void for want of novelty in the invention, that the contrivance, which is covered by the patent, was in use prior to defendant's alleged invention. This objection is met by defendant with the position that this court has no jurisdiction to pass upon the validity of his patent. The Federal Courts, it is claimed, alone have authority to decide upon such matters. We find it unnecessary to pass upon this jurisdictional question, and therefore enter upon no consideration of the arguments and authorities adduced thereon. In our opinion, the facts disclosed by the record satisfactorily establish the conclusion that the invention in question was not so wanting in novelty as to defeat the patent. A brief consideration of the facts will, in our opinion, support the correctness of our conclusion.

*1 JURISDICTION: patent; novelty of.*

The apparatus covered by the patent is intended to conduct air, supplied by a "*blower*," under the grate bars of the furnace, and thus increase the rapidity of the combustion of fuel, and consequently add to the capacity of the boiler to produce steam by the increase of heat. Among the advantages claimed from its use, is that inferior fuel, as *slack* coal, may be used profitably with it, when without it such fuel cannot

be used in many furnaces. It may, in general terms, be described as a horizontal pipe passing transversely under the grate bars, in the front part of the furnace. It is supplied with orifices at proper intervals from which the air, propelled by the " blower," escapes under the grate bars and fuel in the direction of the draft of the furnace.

It is shown by the evidence that contrivances for conducting air, supplied in the same way, under the fires of furnaces, have been used, in some instances, twenty years before defendant's invention. We are not able to say from the evidence that any of them so resembles defendant's invention as to deprive it of novelty. They all conduct the air to the fire, but the place and manner of the air reaching the fire in defendant's invention, is entirely different from the other contrivances, or, at least, there is an absence of evidence showing them to be alike in these respects. We do not presume it is claimed that defendant's patent covers the bringing of air to the fire to increase combustion, or that he is the discoverer of the principle that an artificial supply of air will aid combustion and increase the intensity of the fire. This is understood by the rudest savage who hastens combustion in kindling his fire by the breath blown from his lips. But the manner of conducting the air artificially set in motion to the fire, and the point where, and direction in which it comes in contact with the burning fuel, may be the subject of an invention and of a patent. One contrivance somewhat resembles defendant's; it was used in furnaces of a peculiar build many years before the invention in question. It was a pipe running laterally under the grate bars parallel with the boilers. This description, without more, will indicate the difference between it and defendant's invention. We have evidence that other contrivances were used for the same purpose, but we are unable to determine from the evidence that they were like defendant's invention, or of the same character. We conclude, therefore, that defendant's patent cannot be void for want of novelty in the invention, or because of a prior discovery and use of the same apparatus.

II. It is insisted that defendant deceived and defrauded

the plaintiffs by representing that he held a patent upon an improvement of his contrivance, which consisted in the use of certain small tubes conducting the air from the orifices of the pipes in the direction of the fuel. They were attached to the air pipe. It is urged that he claimed to hold a patent upon this improvement, and represented it to be of great utility, when in fact he had no such patent, and the tubes were utterly useless. That he had no such patent is not denied, and it is clearly shown that the additional contrivance of the tubes was of no utility. There is a conflict of evidence as to the representations made by him in regard to the patent thereon and its utility. But, we may concede for the purpose of this case, that the facts as claimed by plaintiffs appear in the evidence. We have, then, the case of a claim of a patent upon the tubes, and representations of their utility, without the existence of such patent, and the conceded fact that they are of no practical use. The tubes being useless, plaintiffs, of course, suffered no injury because defendant held no patent thereon. This cannot be questioned. But there is evidence to show that the tubes are covered by defendant's first patent, at least an application of other parties for a patent upon them was refused at the patent office on the ground that they were covered by defendant's patent. We are unable to reach the conclusion that plaintiffs purchased the interest in the patent because of their belief that the tubes were patented and were useful. We do not think that the belief in the utility of the tubes at all influenced plaintiffs in the purchase. They doubtless purchased because of their belief in the utility of the whole apparatus taken together. Now if the tubes were of no benefit, and the contrivance was as good without them as with them, plaintiffs were not deceived by defendant's representations, or defrauded by the want of a patent on the tubes or because of their inutility.

*2. SALE OF personal property: misrepresentation*

III. Upon the question of the usefulness of defendant's invention it is necessary to say but little. The evidence upon this point is conflicting. Many witnesses for plaintiff testify that it is of no value, while many of defendant's witnesses speak highly of its utility and value.

*3 ——: equity.*

We conclude that it is a useful invention; the degree of its usefulness, its value, we are not required to determine. In more than one instance it is shown to have been tested and its usefulness thereby established. Such tests were made in Des Moines where the parties all lived, and plaintiffs were at the time of the purchase aware that trials of the practical working of the apparatus had been then made. We cannot conclude that defendant by falsehood and fraud induced plaintiffs to make the purchase. If a consideration beyond the value of the interest purchased was paid by plaintiffs, it is simply a case of mistaken judgment as to value, against which equity will not relieve.

A decree will be entered in this court dismissing plaintiff's petition.

REVERSED.