STATE OF WISCONSIN *vs.* LOUIS E. TORINUS and others.

July 28, 1881.

Former Judgment—Distinction between "Cause of Action" and "Subject-matter" of Litigation—Contract of State Agent ultra vires made Valid by Legislative Act.—An agent of plaintiff, only authorized to sell for cash, in excess of his authority sold and delivered to defendants the property of his principal on credit, and took from them a promissory note for the purchase price. His authority being derived solely from the legislature, his acts could only be ratified by an act of the legislature. In a former action between these parties, brought on this note, it was *held* that the acts of the agent, being without authority, and never having been ratified by the legislature of Wisconsin, were wholly void and conferred no right to the property upon defendants, and that the note, having no consideration to sustain. it, was also void, and therefore judgment was rendered for defendants. Subsequently to the rendition of that judgment, the legislature of Wisconsin passed an act ratifying and confirming the acts of their agent, and thereafter brought the present action to recover from defendants the purchase price of the property, the defendants having retained possession of it, and, before the commencement of this action, converted it to their own use. *Held,* that the judgment in the former action is no bar to a recovery in this action; that the "cause of action" in this case was created by the act of ratification referred to, and only accrued at that date, which was subsequent to the rendition of the judgment in the former action; therefore, although the subject-matter of litigation in both actions was the same, the "causes of action" were different; that a former adjudication never affects after-acquired rights, or precludes a party from availing himself of them in a second action; that the act of ratification referred to was valid. It did not assume judicial functions by attempting to annul a judgment of court, or to declare valid, proceedings already adjudged void, but simply ratified the acts of an agent so as to consummate a contract which he had attempted to make in excess of his authority.

Appeal by defendants from a judgment of the district court for Washington county, where the action was tried before George B. Young, as referee. The case is stated in the opinion.

*McCluer & Marsh* and *Bigelow, Flandrau & Squires,* for appellants.

By the judgment in the former action, the identical note on which this action is founded was adjudged to be null and void. *State of Wisconsin* v. *Torinus*, 24 Minn. 332. Prior to that judgment the note was voidable only, and was capable of ratification. By that judgment it was avoided, and is as though it had never been made. It was as effectually destroyed as if it had been paid or surrendered and cancelled, and when, after that judgment, the legislature of Wisconsin passed the act of ratification, there was nothing on which the act could operate, nothing that could be the subject of ratification. The act of ratification could not reach the note except by annulling the judgment by which the note itself had been annulled, and to do this was beyond the power of the legislature of Wisconsin. *Denny* v. *Mattoon*, 2 Allen, 361; *Moser* v. *White*, 29 Mich. 59; *Nicholl* v. *Mason*, 21 Wend. 339; *Adams* v. *Palmer*, 51 Me. 480.

The question in this suit is identical with that tried and determined in the former suit. The evidence in this would have entitled the plaintiff to recover in that, had it been given, and therefore the findings and judgment in that suit are a bar to this. *Duchess of Kingston's Case*, 2 Sm. Lead. Cas. 573, and note; *Hepburn* v. *Dunlop*, 1 Wheat. 179; *Thompson* v. *Myrick*, 24 Minn. 4; *Mayor, etc.*, v. *Horn*, 26 Md. 194; *Lawrence* v. *City of Milwaukee*, 45 Wis. 306; *Miller* v. *Manice*, 6 Hill, 114; *Hamilton* v. *Quimby*, 46 Ill. 90; *Moser* v. *White*, 29 Mich. 59; *Castle* v. *Noyes*, 14 N. Y. 329; *Doty* v. *Brown*, 4 N. Y. 71; *Denny* v. *Mattoon*, 2 Allen, 361; *Lewis* v. *Webb*, 3 Me. 326. And the same principle applies as well where, at the time of the first trial, the evidence was not in existence, as where it was not produced.

The judgment of a court of competent jurisdiction, upon a question directly involved in the suit, is conclusive in a second suit between the same parties depending on the same question. *Hepburn* v. *Dunlop*, 1 Wheat. 179; *Thompson* v. *Myrick*, 24 Minn. 4; *Mayor, etc.*, v. *Horn*, 26 Md. 194; *Doty* v. *Brown*, 4 N. Y. 71; *Castle* v. *Noyes*, 14 N. Y. 329; *Barker* v. *Cleveland*, 19 Mich. 230.

The general rule is that, by a judgment at law or a decree in chancery, the contract or instrument on which the suit is based becomes entirely merged in the judgment, and no further action at law or suit

in equity can be maintained upon it. *Wayman* v. *Cochrane*, 35 Ill. 152; *Bank of North America* v. *Wheeler*, 28 Conn. 433; *Wann* v. *McNulty*, 7 Ill. 355; *Peters* v. *Sanford*, 1 Denio, 224; *Mason* v. *Eldred*, 6 Wall. 231; *Mallory* v. *Leach*, 23 How. Pr. 507; *Goodrich* v. *Dunbar*, 17 Barb. 644; *Lawrence* v. *City of Milwaukee*, 45 Wis. 306. In these cases the judgment was one sustaining the cause of action; but in case the judgment has been adverse to the cause of action, it is equally true that "the original cause of action is merged and gone, not because the one party or the other prevailed on the former trial, but because the right has been tried, and adjudged one way or the other." *Nicholl* v. *Mason*, 21 Wend. 339.

*O'Brien & Wilson*, for respondent.

MITCHELL, J.* The sole question in this case is whether the judgment rendered in a former action between the same parties is a bar to a recovery in the present action. The facts, as disclosed by the findings of the referee, are briefly these: In 1873, the agent of plaintiff sold and delivered to defendants Torinus, Staples & Co., upon credit, a quantity of logs, the property of plaintiff, and took from them therefor their promissory note, payable at a future day, which was also executed by defendant Mower, as surety. Default having been made in the payment of the note at maturity, an action was commenced thereon, in the name of the plaintiff, against the defendants. Upon a trial upon the merits, all the issues of fact were found in favor of plaintiff, but as conclusions of law it was found that plaintiff's agent had no authority to sell on credit; that therefore the sale was unauthorized and void, and did not bind the plaintiff, and did not transfer any title to the property, and the note, having no other consideration to support it, was without consideration and void, and the plaintiff was not entitled to recover thereon. Upon these findings judgment was rendered for defendant. Upon appeal, this judgment was affirmed, this court holding that plaintiff's agent was only authorized to sell the logs for cash, to be paid in hand at the time of the sale; that a sale by him on credit was void; that a delivery of the

---

*Clark, J., having been of counsel, took no part in the decision of this case.

logs to defendants without payment of cash in hand was also unauthorized, and conferred on defendants no rights to the property as against plaintiff; and that the authority of the agent to make a sale being wholly conferred by the act of the legislature of Wisconsin, any act of his in excess of his authority could only be ratified by the legislature, and, this never having been done, the acts of the agent in making this sale were wholly void, and the note, having no other consideration to support it except this void and unauthorized sale, was also null and void. *State of Wisconsin* v. *Torinus*, 24 Minn. 332. Subsequently to this judgment, and on the 15th of February, 1878, the legislature of Wisconsin for the first time adopted, ratified and confirmed by statute the acts of their agent in making this sale on credit to defendants, and in taking from them the note in question. After the passage of this act of ratification, the plaintiff brings a second (the present) action against defendants, to recover the purchase price of said logs as evidenced by said note.

The complaint sets up fully the entire history of the transaction, including the sale by the agent, the taking by him of the note in question, and the subsequent act of ratification of his acts by the legislature of Wisconsin. It might be stated, by way of history of the case, that to this complaint defendants interpose a general demurrer, claiming that the note, being void and not merely voidable, was incapable of being thus ratified. Upon appeal from an order overruling this demurrer, this court affirmed the order, holding that the legislature of Wisconsin might by statute ratify the act of the agent in making the sale and receiving the note, and that the state might thereupon enforce payment of the note, and that by such act of ratification the defendants' title to the property, the possession of which they still held, became perfect, and that they could no longer object that the note was without consideration. *State of Wisconsin* v. *Torinus*, 26 Minn. 1. Of course, we understand that this decided nothing as to the effect of the judgment in the former action, inasmuch as that question was not before the court, or presented by the record. But it does decide (and to that extent is the law of this case) that it was competent for the legislature of Wisconsin to ratify the acts of their

agent, and thereafter to maintain this action, unless the judgment in the former action prevents.

After the affirmance of the order overruling the demurrer, the defendants answered over upon the merits, setting up the judgment in the former action as a bar to a recovery in this case. Upon the trial of the action, the referee found all the material issues of fact in favor of plaintiff; and, among other things, found that the logs in question were delivered to defendants by the agent of the plaintiff at the time of the attempted sale by him, and that they remained in their possession; and that, before the commencement of this action, they sold and disposed of them for their own use. There is no claim that the defendants ever returned or offered to return the logs, or that plaintiff ever reclaimed or attempted to reclaim them. The referee found, as conclusions of law, that the proceedings had and judgment entered in said former action, (as hereinbefore stated,) before the said act of ratification by the plaintiff of the acts of their agent in the premises, were no bar to this action, which was commenced after such ratification. Judgment was thereupon rendered for the plaintiff, from which defendants now appeal.

The correctness of this conclusion of law is the only question for our consideration. The doctrine of *res adjudicata,* or estoppel by judgment, as it is sometimes less accurately termed, is a rule of law founded on the soundest consideration of public policy. It means that if an action be brought, and the merits of the question be discussed between the parties, and a final judgment be obtained by either party, the parties are concluded, and cannot again canvass the same question in another action. It is founded upon two maxims of the law, one of which is that "a man should not be twice vexed for the same cause," the other that "it is for the public good that there be an end of litigation;" and it is undoubtedly true that if there be any one principle of law settled, it is that whenever a cause of action, in the language of the law, "*transit in rem adjudicatam,*" and the judgment thereupon remains in full force and unreversed, the original cause of action is merged and gone forever. After judgment on the merits a party cannot afterwards litigate the same question in another action, although some argument might have been urged on

the first trial that would have led to a different result. Such a judg-
ment is final and conclusive, not only as to matters actually decided,
but as to every other matter which the parties might have litigated
and had decided as incident to and essentially connected with the
subject-matter of the litigation *as the facts then existed.* The discov-
ery of new evidence, not in the power of the party at the former trial,
forms no exception to the rule. The doctrine is so just, and so nec-
essary to the peace and good order of society, that we have no desire
to either modify it or unreasonably limit its application.

But before we apply the rule that no one should be twice vexed for
the same cause of action, we ought to be well assured that the cause
of action is the same. As remarked by Cowen, J., in discussing
the subject of *res adjudicata,* (*People* v. *Mercein,* 3 Hill, 399, 420,)
if the cause of action be the same, the claim should be held ex-
tinguished. Where an entire right has been once litigated and passed
on upon its merits, it should not be stirred up again. To allow a
second trial in such a case would be against public policy. But it
would be likewise unjust to cut off substantial rights which have not
and never could have been tried, for the reason that they did not exist,
or were disallowed at the moment for some fleeting cause which had
ceased to exist. An estoppel, though admissible in a case precisely
the same with that adjudged, has no application to one which is in
its own nature ambulatory, and which has ceased to be the same by
progression.

According to all the authorities it would be necessary in the pres-
ent case, in order that the judgment in the former action should be a
bar to a recovery in this action, that the "cause of action" in the two
should be the same. This proposition defendants do not controvert.
Care must be taken also to distinguish between *identity of the subject-
matter of litigation* and *identity of cause of action,*—a distinction often
overlooked. The subject-matter of litigation may be the same, and
yet the causes of action entirely different. Therefore, there is a
well-settled rule of law on the subject of *res adjudicata* that a former
adjudication never affects *after-acquired rights.* A judgment cannot
prejudice rights which had not accrued to either party at the time of
its rendition. Intervening events, affecting the issue, may be shown

to prevent a former judgment from being conclusive. The reason is obvious. If the rights did not exist, they could not have been passed upon. If they did not exist at the time of the former judgment, the causes of action in the two suits could not, in the nature of things, be the same. Such a case comes within neither the letter nor spirit of the rule that a man cannot litigate the same question twice. The authorities sustaining and illustrating this principle are both numerous and uniform. Thus, an assignee of a mortgage having brought suit to foreclose, judgment was given against him for a defect in the assignment. Held, no bar to another suit brought after the assignment had been perfected. *Mitchell* v. *Cook*, 29 Barb. 243. A decree fixing the fact that plaintiff had no title at the time of the commencement of a former suit, is no bar to another suit brought after having acquired proper title. *University* v. *Maultsby*, 2 Jones Eq. Rep. 241; *Taylor* v. *McCrackin*, 2 Blackf. 260; *Woodbridge* v. *Banning*, 14 Ohio St. 328; *Gluckauf* v. *Reed*, 22 Cal. 468; *McKissick* v. *McKissick*, 6 Humph. (25 Tenn.) 75.

So a suit on a bond before condition broken is no bar to another suit brought after condition broken. *McFarlane* v. *Cushman*, 21 Wis. 401. Also, where a vendee brought an action to recover back purchase-money of land before eviction, held no bar to recover the same money after eviction. *Hurst* v. *Means*, 2 Sneed, 546. In *Jones* v. *City of Petaluma*, 36 Cal. 230, it was held that a former judgment in in an action between the same parties, tried upon its merits, upon the same subject-matter, is a bar to another action *on the same cause of action*, but is no defence to a cause of action on the same subject-matter accruing after the rendition of the former judgment. By the same court, in *Reed* v. *Calderwood*, 32 Cal. 109, it was held, in an action to quiet title, that a former judgment against the plaintiff, for the same subject-matter, will not preclude him from availing himself of an after-acquired title. On the same principle it has been held that a judgment in action of tort, in the nature of *quare clausum fregit*, is not conclusive as to title or right of possession at a time subsequent to the alleged trespass, because intervening events may have restored plaintiff to possession, or terminated defendant's right. *Morse* v. *Marshall*, 97 Mass. 519.

If a demandant in a real action is defeated, and judgment rendered against him, for the sole reason that his grantor was disseized at the time of the delivery of the deed to him, and he has subsequently perfected his title in that respect, he may, in a new action against the same party, recover the same premises. *Perkins* v. *Parker*, 10 Allen, 22. So, judgment against a plaintiff in a former action brought before demand, (demand being necessary,) held no bar to another action brought after demand, because at the time of the first suit no cause of action had accrued. *Oleson* v. *Merrihew*, 45 Wis. 397. Also, a judgment in an action against an indorser of a note, rendered in his favor on the ground that no notice had been given him, was held no bar to another suit on the same note after notice. *The second action was on the same note, but not on the same cause of action.* *New England Bank* v. *Lewis*, 8 Pick. 113. To the same effect in principle with the two cases last cited, see, also, *Tracy* v. *Merrill*, 103 Mass. 280; *Bull* v. *Hopkins*, 7 John. 22; *Crabtree* v. *Welles*, 19 Ill. 55.

The record in the former suit, says the court in one case, is conclusive upon the point that, *as the facts then stood,* the plaintiff was not entitled to recover. But it does not necessarily follow that he is now in the same position. He cannot bring a new action to try the same question over again, and put in new evidence which he had overlooked. But in order that a prior judgment should be a conclusive bar, the parties should be the same and the question at issue the same. The distinction between the "same demand," or "subject-matter," and the "same cause of action," is also clearly brought out in *Gage* v. *Holmes*, 12 Gray, 428.

In *Barrows* v. *Kindred*, 4 Wall. 399, a plaintiff was defeated on account of a defect in a power of attorney through which he claimed title. Held no bar to another action, brought after he obtained a new deed. The judgment, says the court, is conclusive that plaintiff had no title *at that time*, but not conclusive in relation to questions not then open to inquiry. In *Newoyton* v. *Levy*, Law Rep. 7 C. P. 180, Bramwell, B., in considering this question, says: If new circumstances subsequently arise, a fresh action might be brought; a former judgment would not be *res adjudicata* as to matters subsequently aris-

ing.   In the same case, Blackburn, J., remarks: "The doctrine of *res adjudicata* applies to all matters *which existed at the time of the giving of the judgment*, and which the party had an opportunity of bringing before the court.   But if there be matter subsequent which could not have been brought before the court, at the time, the party is not estopped from raising it."   To the same effect see *Dwyer* v. *Goran*, 29 Iowa, 126.

The authorities thus cited, we think, not only clearly bring out the distinction between "the same subject-matter," and "the same cause of action," but fully establish and illustrate the rule that a judgment in a former action is conclusive only upon the facts *as they then existed*, but does not affect rights acquired and matters arising subsequent to its rendition.   This is, we think, in accordance with reason, and in entire harmony with the maxims of law upon which the whole doctrine of *res adjudicata* is founded.   Now, if the test established by this rule be applied to the case under consideration, we think it will be clear that the judgment in the former action is no bar to a recovery in the present suit.   The plaintiff's entire cause of action has accrued since the former judgment.   At the time of the former judgment, no contract between the parties had ever been made.   True, the logs were already in possession of defendants, but they were still the property of plaintiff.   The note described in the complaint had been signed by defendants, and was in possession of plaintiff's agent, but, being as yet without consideration, had not yet acquired any force or effect whatever as a contract, and was simply a piece of valueless paper.   Matters stood precisely, so far as a right of action is concerned, as if no attempt had been made by defendants and plaintiff's agent to make a contract; and that was the ground upon which the court put its decision.

This judgment is conclusive upon the plaintiff that, *upon the facts then existing*, it had no cause of action.   But when did plaintiff's cause of action in the present suit accrue?   Not in 1873, at the time when the plaintiff's agent, in excess of his authority, assumed to sell the logs to defendants, but at the date of the act of ratification by the legislature of Wisconsin, in 1878, after the rendition of the judgment in the former action.   That was what consummated the con-

tract, and passed the title to the property to defendants, and created a consideration for the note. Up to this date, the logs remained the property of plaintiff, and the note without obligation or binding force. Up to that time, plaintiff might have repudiated the acts of its agent, and reclaimed the property; and, on the other hand, until that time, defendants were at liberty to abandon the proposed purchase and return the property. But the plaintiff having seen fit to exercise its right of ratification, and the defendants having seen fit to retain the property, the rights of the parties became fixed by the act of ratification, and all right of election by the parties terminated. Then for the first time was there a contract between the parties, and then for the first time did plaintiff's right of action accrue. The former action was upon the same subject-matter—upon the same note, if you please—but not upon the same cause of action, to repeat the language of the court in *New England Bank* v. *Lewis,* 8 Pick. 113. Had the act of ratification been passed prior to the former judgment, but plaintiff failed to prove it, then the cause of action would have been the same, and the former judgment a bar. But the fact is, the act of ratification which created the cause of action was subsequent to the date of the judgment. Therefore, the cause of action, having arisen subsequently, is not barred by the judgment in the former action.

We have carefully examined all the cases cited by counsel for defendants, and while they affirm the general rule as to the conclusiveness of a matter which has become *res adjudicata,* yet we do not find one which we think conflicts with our views of the law applicable to the present case. Perhaps the case which would seem to come most nearly to sustaining the defendants' position is that of *Hepburn* v. *Dunlop,* 1 Wheat. 179, and great stress is laid upon it as an authority in point. In brief, it was a case where a vendor in an executory contract of sale of land filed a bill in equity to compel specific performance of the contract by the other party; that is, to compel him to accept a deed and pay the purchase-money. The title tendered by plaintiff on the trial proved defective, and not such as defendant was bound to accept, and the bill was dismissed. Subsequently plaintiff perfected his title, and filed a second bill to compel specific performance of the same contract. It was held that the

dismissal of the bill in the first suit was a bar to the second action for the same purpose. Washington, J., in delivering the opinion, says: "The doors of a court of equity are, and forever ought to be, closed against him." It is a familiar rule that "it is the peculiar province of a court of equity to discourage laches," and in the case referred to the court lay great stress upon the laches of plaintiff in not perfecting his title before bringing the first suit, no reason appearing why he might not have done so. The court seems to rest its decision upon this ground, rather than upon the doctrine of *res adjudicata*, properly so called.

What has been already said is sufficient answer to the contention of defendants that the cause of action upon this note was merged in the former judgment, and therefore nothing was left upon which the subsequent act of ratification could operate. This would be true of the cause of action, if any, which then existed. But here is a cause of action which accrued subsequently, and hence not affected by the former judgment. The error in the argument arises from confounding the terms "subject-matter" and "cause of action." The note is the same, but the cause of action quite different. As well say that a note upon which suit is brought before maturity, or a bond upon which suit is brought before condition broken, is merged in the judgment.

It is also urged that the act of ratification by the legislature of Wisconsin is unconstitutional and void as being an attempt to confirm and ratify proceedings already adjudged void by court, and therefore an attempted usurpation of judicial functions. We think this view is founded upon a mistake as to the object or effect of the act in question. It is not an act to confirm proceedings judicially declared void, nor to annul or set aside the former judgment of court. That judgment still stands in full force, and is conclusive upon the rights of the parties upon the facts then existing. That judgment did not prevent the state of Wisconsin from acquiring a subsequent cause of action, or from doing any act in the way of making or consummating a contract which would create a cause of action, any more than a judgment against a party, because he had not made a demand,

would preclude him from subsequently making the demand and then bringing another suit.

This court had said, in the decision of the former action, to the state of Wisconsin, "You have now no cause of action, because the act of your agent was unauthorized and you have never ratified it, and therefore no rights or liabilities have accrued." Thereupon the state of Wisconsin exercises its right to ratify the acts of its agent, and thereby acquires new rights. This is all the act in question assumes to do. The authorities cited by defendants are all cases where a legislature attempted to set aside a judgment of court, or to declare valid proceedings which a court of competent jurisdiction had already adjudged void, no new facts having intervened or new rights having accrued. These are entirely different cases from the present, where a principal simply ratifies a previous act of his agent in excess of his authority. For these reasons we are of opinion that it was entirely competent for the legislature to pass this act of ratification, and that the judgment in the former action is no bar to plaintiff's recovery in the present suit.

Judgment affirmed.