JOHN WOODCOCK *et al. vs.* FRANK A. CARLSON.

Submitted on briefs April 22, 1892.　Decided May 16, 1892.

**Former Action—Not a Bar, When.**—A judgment for defendant in an action of claim and delivery, ordered and entered upon the ground that from the complaint and reply it affirmatively appeared that plaintiff had no cause of action, (why this was the case not being made to appear in the present action,) is no bar to a recovery in an action for trover and conversion between the same parties, and involving the same subject-matter.

Appeal by defendant, Frank A. Carlson, from a judgment of the District Court of Goodhue county, *Williston,* J., entered September 9, 1891, for $173.70 and costs.

Samuel D. Greenwood, on July 15, 1885, rented a farm to De Witt C. Duryea for five years five and a half months from that date, for an annual rent of $350, payable quarter-yearly. In June, 1886, Duryea mortgaged his growing crop of barley and oats for $500 to the plaintiffs, John Woodcock and Walter W. Doyle. Greenwood commenced an action against Duryea, and attached these crops, and in August, 1886, recovered judgment and caused a writ of execution to be issued thereon to defendant, Frank A. Carlson, who was then sheriff of that county. Meantime the grain had been cut and threshed and put in sacks, and the sheriff, on August 11, 1886, levied upon a portion of it. Plaintiffs appeared and demanded the grain, claiming it under their chattel mortgage. The sheriff, being indemnified, refused, and plaintiffs, on September 7, 1886, commenced an action of claim and delivery against him, and the grain was taken

by them, but redelivered to the sheriff on his return bond. That action was brought to trial on December 17, 1886, and defendant moved the court upon the pleadings for judgment, on the ground that the facts stated in the complaint and reply showed affirmatively that plaintiffs had no cause of action against the sheriff. The court granted the motion, and judgment was so entered, and plaintiffs paid the taxed costs, and that judgment was satisfied.

Plaintiffs then began this action against the sheriff to recover the value of the grain taken by him. The defendant pleaded the former judgment in bar, that plaintiffs' mortgage was fraudulent and void as to creditors, and that the grain did not belong to Duryea when he gave the mortgage, but belonged to Greenwood under the lease. The last two defenses were on a former trial held valid by the court, and judgment entered upon the pleadings. On appeal that judgment was reversed. 41 Minn. 542. On the second trial plaintiffs had judgment, and the defendant took this appeal.

*F. M. Wilson,* for appellant.

The sole question in this case is, whether the judgment rendered in a former action in replevin between the same parties is a bar to a recovery in the present action of trover. Appellant contends that it is. *Hatch* v. *Coddington,* 32 Minn. 92.

*J. C. McClure,* for respondents.

There was no trial of the former action upon its merits; only an adjudication by the court that the pleadings failed to show a cause of action then existing. Such a judgment is not a bar to a subsequent action with pleadings which do state facts sufficient to entitle a party to a recovery if the facts alleged are proved. *Dixon* v. *Merritt,* 21 Minn. 196; *State* v. *Torinus,* 28 Minn. 175.

COLLINS, J. After the former appeal in this action was disposed of,—41 Minn. 542, (43 N. W. Rep. 479,)—it was tried by the court below without a jury, and on findings of fact judgment was ordered and entered in plaintiffs' favor. This appeal is from that judgment, and the only question for consideration is whether a judgment in

this defendant's favor in an action of claim and delivery, previously pending between the same parties, is a bar to a recovery by the plaintiffs in this, an action in trover and conversion. This question must be determined from the findings alone, from one of which it appears that in the action of claim and delivery referred to judgment on the pleadings in favor of defendant's right of possession to the property in litigation was ordered, on the ground that from the complaint and reply it appeared affirmatively that plaintiffs had no cause of action against the defendant. Why this was the case does not appear from anything now before us, so that, for aught that has been shown in this action, judgment may have been ordered in the other because it affirmatively appeared from the pleadings that plaintiffs had not the present right of recovery, and had brought their action to recover possession of the property in question prematurely. If that was the situation, the right of possession might afterwards mature and become absolute. Under such circumstances, another action between the same parties, and relating to the same subject-matter, might be maintained. The plaintiffs' rights would be after-acquired, and a judgment cannot prejudice rights which had not accrued to either party at the time of its rendition. *State* v. *Torinus*, 28 Minn. 175, (9 N. W. Rep. 725,) and cases cited in illustration of these propositions.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 142.)