George M. Ross, Appellant, v. Dowden Manufacturing Company.

**Judgments:** former adjudication: conclusiveness. All issues of
1 fact or law which are or might have been adjudicated in a former suit between the same parties are concluded by the judgment therein; but a former adjudication does not affect after acquired rights or claims which the parties had no opportunity to litigate.

**Same:** patents: license to use same: liability for royalties. A
2 final adjudication declaring a patent invalid relieves a licensee from liability for royalties claimed after he repudiated the license, and prior to the adjudication; but so long as the licensee recognizes the right to use the patent and acts thereunder, he is liable for royalties accruing under his contract with the patentee therefor.

**Same:** failure of consideration. An invalid patent creates no right
3 in favor of the patentee against one who in no manner recognizes its validity or a license to use it, and will not furnish any protection to a licensee thereunder, and hence there is a failure of the consideration for a contract to pay royalties.

*Appeal from Jasper District Court.*—Hon. W. H. Mc- ᐧ Henry, Judge.

Thursday, November 18, 1909.

Rehearing Denied, Tuesday, April 12, 1910.

Suit on an oral contract to recover certain payments alleged to be due as royalties on a patented device to be attached to a potato digger, called an "auxiliary rear conveyor." The case was tried to the court without a jury,

and judgment was rendered for the defendant. The plaintiff appeals.—*Affirmed.*

*Dunshee & Haines* and *W. R. Lane,* for appellant.

*William B. Brown,* for appellee.

Sherwin, J.—The plaintiff alleges: That he devised a rear conveyor to be attached to the Dowden potato diggers, and orally agreed to permit the Dowden Manufacturing Company to use his model of said rear conveyor in manufacturing the same; that in consideration therefor it was agreed that said manufacturing company should make rear conveyors of said type, and pay the plaintiff seventy-five cents for each rear conveyor it made and sold; that the manufacturing company accepted said model, and thereafter made rear conveyors of said type, and voluntarily paid the plaintiff for each one made and sold during 1900, 1901, and 1902, and that plaintiff obtained a judgment against the defendant for the conveyors made from March 1, 1903, to March 1, 1904, and that the defendant paid said judgment, and that said judgment is a conclusive adjudication of the present action.   In its answer the defendant denies the contract alleged in the petition, denies that the use of the model was a part of the consideration for the contract it did make, and denies that the former suit involved only a contract for the use of said model, or that said judgment operated as an adjudication of the case at bar.   The defendant affirmatively alleges: That, when the plaintiff constructed said model, both parties supposed his device was new and embodied invention; that thereafter the plaintiff applied for and received a patent thereon; that, after said patent was issued to the plaintiff, both parties believing said patent to be valid, and that said device embodied invention, agreed that the defendant should make rear conveyors of said patented

device under the protection of said patent; and that the defendant should pay the plaintiff seventy-five cents for each rear conveyor it thereafter made and sold. The defendant further alleged: That shortly prior to April 1, 1904, it expressly repudiated said contract and notified Ross of its intention not to be bound longer thereby and not to pay him any farther royalty, because said patented device did not embody invention; that thereafter, with full knowledge of the facts of the defendant's repudiation of said contract, the plaintiff on June 7, 1904, sued the defendant in the federal court as an infringer of said patent, and in his complaint prayed that the defendant be enjoined from making or using said patented device; that said action was prosecuted to a final determination, and judgment rendered therein declaring said patent invalid for want of invention, and dismissing the plaintiff's bill; that by said suit in the federal court the plaintiff elected to rescind the contract and elected his remedy. The answer further alleges that the consideration for said contract has failed because of the invalidity of the patent, and that the plaintiff is estopped to maintain this action.

There can be no serious doubt as to the real contract made by the parties. There is no claim that any contract was entered into before the patent was issued to the appellant. The patent was believed to be valid by both parties, and, relying upon its validity and the protection of the defendant thereunder, they entered into an agreement whereby the defendant was to pay a royalty of seventy-five cents for each conveyor made and sold by the company. The company paid all royalties due up to March 1, 1904, and shortly thereafter repudiated the contract and notified the plaintiff that it would no longer be bound thereby, or pay further royalties. This repudiation, as we understand the record, was made at a time when no royalties had been earned that were not paid.

Was there an adjudication of the right of the plain-

tiff to recover royalties for the conveyors made and' sold after April 1, 1904? We think the question must be answered in the negative. It is a settled rule of law that all issues of fact or law which might have been adjudicated in the former suit are now foreclosed; but it is also as well established that a former adjudication never affects after-acquired rights, or claims which the parties had no opportunity to litigate. *Rivers v. Rivers,* 65 Iowa, 568; *Dwyer v. Goran,* 29 Iowa, 126.

*1. JUDGMENTS: former adjudication: conclusiveness.*

The former suit for royalties was brought in August, 1904, for the royalties earned for the year preceding March 1, 1904. The defendant did not repudiate the contract so that such repudiation might be interposed as a defense to an action for royalties until shortly before the 1st of April, 1904. Up to the time of the repudiation he recognized the license and acted thereunder, and by well-settled authority he was liable for the royalties which accrued under the terms of the license. 22 Am. & Eng. Enc. of Law, 441, 442, and cases cited in note 1. But shortly prior to the 1st of April, 1904, there was a clear, definite, and unequivocal notice to the plaintiff that the defendant no longer claimed the protection of the license, and that he would pay no further royalties for the use of the device. If the patent had been valid, such action on the part of the defendant would undoubtedly have made it liable as an infringer, but not otherwise. The patent was declared invalid by the federal court in 1906, and, as that adjudication was final, it relieved the defendant from all liability for royalties claimed to have been earned after he repudiated his license. 22 Am. & Eng. Enc. of Law, 442; *Macon Knitting Co. v. Mills,* 65 N. J. Eq. 138 (55 Atl. 401); *Ross v. Fuller & Warren* (C. C.), 105 Fed. 510; *Marston v. Swett,* 82 N. Y. 527.

*2. SAME: patents: license to use same: liability for royalties.*

An invalid patent can create no rights in favor of

the patentee against one who in no way recognizes the validity of such patent or a license to use it. The patent being invalid, it could not and did not furnish any protection to the defendant as a licensee thereunder, and hence there was a failure of consideration. *Macon Knitting Co. v. Mills, supra; Percival v. Harger,* 40 Iowa, 286, and *Rawson v. Harger,* 48 Iowa, 269, relied upon by the appellant, do not conflict with the views expressed herein.

**3. SAME: failure of consideration.**

We are also inclined to the view that, when the plaintiff brought an action for the infringement of the patent, he elected to treat the license as at an end, and to rely upon his rights against the defendant as an infringer; but we need not determine the question definitely, and do not do so.

The judgment of the district court is right, and it is *affirmed.*