OSCAR B. EPSTEIN, Plaintiff, *v.* NICHOLAS SOSKIN, Defendant.

(County Court, Bronx County, June, 1914.)

Negotiable instruments — series of notes — discontinuance on stipulation not bar to action subsequently brought on remaining notes

> Where a series of promissory notes is secured by a chattel mortgage with provision that upon default in the payment of one of the notes all shall immediately become due, the settlement and discontinuance on stipulation, by leave of court, of an action brought on one of the notes is not a bar to an action subsequently brought on the remaining notes.

ACTION for a money judgment arising upon a deficiency in the foreclosure of a chattel mortgage.

Lehman & Newman, for plaintiff.

Isaac Levison, for defendant.

GIBBS, J. This is an action for a money judgment in the amount of $1,725, arising upon a deficiency in the foreclosure of a chattel mortgage.

The defendant, Nicholas Soskin, for the purpose of securing to one Jacob J. Franz the payment of the sum of $3,000, executed and delivered to the said Franz a series of promissory notes of $50, each dated November 1, 1907, payable to his order, the notes maturing consecutively on the first of each and every month after the 1st day of November, 1907. As collateral security for the payment of this indebtedness, the defendant executed to the said Franz a chattel mortgage dated the same day, covering a drug store located in the county of Bronx. Subsequently and before the maturity of the notes, Franz, for value received, indorsed and delivered same to the plaintiff herein and

simultaneously therewith executed and delivered to the plaintiff herein an assignment of the said chattel mortgage, also dated November 1, 1907. The notes in question were met by the defendant as they fell due until July, 1909, when he defaulted in the payment of one of these $50 notes. The chattel mortgage herein contained a clause, which in substance provided that upon default in the payment of the first of said notes the mortgagee was given the option to declare all of the said notes then remaining unpaid, due and payable. The mortgagee, taking advantage of this provision, elected on default of the first note to declare all the notes remaining unpaid, due and payable and on the 18th day of August, 1909, foreclosed the chattel mortgage and sold the chattels as provided by law. On January 14, 1914, plaintiff brought suit against the defendant in the Municipal Court of the city of New York, borough of The Bronx, second district, upon the note bearing date November 1, 1907, and subsequently on April 21, 1914, by a stipulation in writing, the action was marked settled and discontinued. I have allowed the record in the above action in the Municipal Court to be introduced in evidence here.

It is urged by the defendant that the plaintiff having commenced an action against the defendant to recover a part of this deficiency, and having settled and discontinued the same, he is estopped from enforcing his claim for the balance claimed in this action, upon the familiar principle of law that a party may not split up his cause of action and harass a defendant with a multiplicity of suits, exposing him to the burdens of added costs and defenses in subsequent actions, in what might have been included in the first suit. There is no question that the defendant's reasoning is sound, if we assume as a premise that the disposition of the Municipal Court action was *res judicata.* The pivotal point of

the case therefore is, was the settlement and discontinuance of the Municipal Court action an adjudication? Black's Law Dictionary defines adjudicate as follows: " To settle in the exercise of judicial authority. To determine finally. Synonymous with adjudge in its strictest sense."

The courts have uniformly held that *res judicata* means a thing definitely settled by a judicial opinion. In the case of *State of Wisconsin* v. *Torinus,* 9 N. W. Rep. 725, 726; 28 Minn. 175, the court stated that, " *res judicata* means that if an action be brought, and the merits of the question be discussed between the parties, and a final judgment be obtained by either party, the parties are concluded, and cannot again canvass the same question in another action. It is founded upon two maxims of the law, one of which is, that a man should not be twice vexed for the same cause, the other that, it is for the public good that there be an end of litigation."

In the light of these definitions and the facts in this case, it will be found that the necessary ingredient of *res judicata,* namely, a judicial determination, is missing. After a very careful examination of the authorities cited in the defendant's brief, as well as an examination of the question independent of the cases cited by the defendant, I am satisfied that a stipulation between attorneys to have a case marked " settled and discontinued " cannot be regarded as the final determination of a cause of action and thereby debar the plaintiff from pursuing his remedy at law.

In view of the above facts, I hold that the settlement and discontinuance of the Municipal Court action upon one of the fifty-dollar notes of the series is not a bar to this action. It therefore follows that the plaintiff is entitled to judgment in the amount of $1,725 and costs.

Judgment for plaintiff and costs.