**S. Gans, Appellant, v. Maurice Klein, Appellee.**

**Gen. No. 37,295.**

Opinion filed December 19, 1934.   Rehearing denied January 9, 1935.

GUY C. BALTZ, of Chicago, for appellant.

LOUIS COHEN and JOHN W. DAY, both of Chicago, for appellee.

MR. JUSTICE HALL delivered the opinion of the court.

In this case, an action in assumpsit was brought in the superior court of Cook county by plaintiff against defendant, Maurice Klein, trustee in bankruptcy of Unexcelled Auto Products Company. Plaintiff alleges that under the order of a referee in bankruptcy, and shortly after the sale to plaintiff by defendant of a number of accounts, due to the bankrupt's estate, defendant compromised and settled certain of these accounts with the bankrupt's debtors, as the declaration indicates, for and on account of and for the benefit of the estate. It is claimed by plaintiff that even though the compromises and settlements were made

upon the order and with the approval of the referee in bankruptcy, which the record shows is the fact, still they were unauthorized, because the title to them had passed to the plaintiff prior to the date of this order, and that the trustee is liable personally to the plaintiff for the amounts received by him in settlement of these claims.

The claims involved are one of Unexcelled Auto Products Company, bankrupt, against the Federal Auto Products Company in the amount of $869.42, and another of the same party against Conrad Mandel, doing business as Safe-T-Lite Company in the amount of $2,280.79. It is charged that the claim against Federal Auto Products Company was settled by defendant for $250, and the claim against Conrad Mandel doing business as Safe-T-Lite Company, was settled for $1,500. After the sale of these accounts had been made, plaintiff appeared before the referee in bankruptcy and asked leave to file a petition setting up his claimed rights in the fund, which petition was denied. The trial court found for the defendant and entered judgment against plaintiff for costs. This appeal is from that judgment.

Defendant insists that inasmuch as these funds came into the possession of the trustee appointed by a federal court, and through the order of a referee appointed by such court, that the federal court necessarily retains jurisdiction of the entire subject matter. This was apparently the view of plaintiff when he asked leave of the referee to file a petition in and by which plaintiff sought to assert his alleged rights. As already stated, leave to file this petition was denied by the referee. It is urged by defendant that if the referee was in error in denying such leave, plaintiff could have had the referee's order reviewed by the United States District Court. It is to be noted that

in his reply brief, plaintiff does not take issue with defendant in this regard.

In *State ex rel. Pope v. Germania Bank of St. Paul,* 103 Minn. 129, the court said:

"It is elementary that the court appointing a receiver or assignee in insolvency proceedings has and retains exclusive jurisdiction over the proceedings and the receiver or assignee for all purposes, settling and adjusting, in the same proceeding, all conflicting interests, all controversies, and all matters arising out of or connected with the trust, all questions respecting the accounts of the receiver, allowances for his compensation, the compensation of his attorneys, agents, and necessary clerks." Attention is also called to the case of *Hoffman v. McClelland,* 264 U. S. 552.

Barnes Federal Code, 1919, chapter 5, section 9122, page 2166, contains the following provisions regarding referees in bankruptcy:

"Jurisdiction of referees. Referees respectively are hereby invested, subject always to a review by the judge, within the limits of their districts as established from time to time, with jurisdiction to . . . perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this Act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of courts of bankruptcy of their respective districts, except as herein otherwise provided."

The exceptions referred to in the act do not relate to the questions arising here. By the terms of this act, —reference being had to the entire act,—the referee is given jurisdiction of the entire subject matter involved here, and further by his motion for leave to file his petition in which all the matters here involved were fully set forth, plaintiff submitted himself to the jurisdiction of the referee, and in so far as his rights there asserted are concerned, they were determined.

If he was not satisfied, he could have had the matter reviewed by the Federal District Court, when the referee denied his motion for leave to file the petition, as the statute provides. In Words & Phrases, Judicially Defined, Volume 7, page 6126, *res adjudicata* is defined as follows:

" '*Res adjudicata*' means that if an action be brought and the merits of the question be discussed between the parties, and a final judgment be obtained by either party, the parties are concluded, and cannot canvass the same question in another action. It is founded upon two maxims of the law, one of which is that a man should not be twice vexed for the same cause, and the other that it is for the public good that there be an end of litigation. *Wisconsin v. Torinus,* 9 N. W. 725, 726, 28 Minn. 175."

In view of the fact that the defendant trustee came into the possession of the assets of this bankrupt estate under the order by the direction and with the approval of the referee in bankruptcy, that the settlement of the accounts by the trustee was made and approved, by such referee, and that the matters involved here were fully set forth in the petition presented to the referee, we are of the opinion that the orders of the referee, when not appealed, were final, that the federal court had complete jurisdiction of the subject matter, and that it is not the province of the State courts to interfere. Therefore, the judgment of the superior court is affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.