*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1264**

EDF-RE US Development, LLC,
Appellant,

vs.

RES America Construction, Inc.,
Respondent.

**Filed April 29, 2024
Affirmed
Slieter, Judge**

Murray County District Court
File No. 51-CV-23-23

Dean B. Thomson, Hugh D. Brown, Alexander B. Athmann, Fabyanske, Westra, Hart & Thomson, P.A., Minneapolis, Minnesota (for appellant)

James J. Hartnett, Joshua T. Peterson, Faegre Drinker Biddle & Reath LLP, Minneapolis, Minnesota (for respondent)

Considered and decided by Wheelock, Presiding Judge; Slieter, Judge; and Schmidt, Judge.

**NONPRECEDENTIAL OPINION**

**SLIETER**, Judge

In this appeal from the rule 12.02 dismissal of its complaint, appellant argues that the district court erred in determining that appellant's breach-of-contract claim seeking liquidated damages is barred by *res judicata*. Because the earlier claim involved the same

set of factual circumstances and was adjudicated on the merits following a trial, appellant's claim is barred by *res judicata*. We therefore affirm.

**FACTS**

This is the second case in prolonged litigation between appellant EDF-RE US Development LLC and respondent RES America Construction Inc. based on the construction of a wind farm. The wind farm is located in Murray and Pipestone counties and was developed by EDF-RE. EDF-RE contracted with RES for RES to construct the wind farm. The contract included firm project-milestone deadlines and provided for the payment of liquidated damages by RES for each deadline RES missed. It provided, "Any Delay Liquidated Damages [RES] is obligated to pay to [EDF-RE] will be due and payable within seven (7) Days after [EDF-RE] has invoiced [RES] for such amounts."

We derive the following facts from our previous opinion, *EDF-RE US Dev., LLC v. RES Am. Constr., Inc.*, No. A21-1669, 2022 WL 17574687 (Minn. App. Dec. 12, 2022) (*EDF-RE I*). Construction began in May 2018, and RES missed the deadlines for several milestones. EDF-RE sent two liquidated damages invoices for the delays: one in the amount of $10,000 and one in the amount of $45,000.

In March 2019, EDF-RE filed suit against RES which sought, among other remedies for breach of contract, liquidated damages for all missed milestones in the total amount of $5,766,500. Following a court trial after which the district court concluded that RES had breached the contract due to the missed milestone, it determined that EDF-RE had "only invoiced RES for $55,000." The district court stated in its conclusions of law:

2

> [I]t is clear and unambiguous the [liquidated damages] did not become due and payable until seven days after [EDF-RE] invoiced RES for such amounts. Consequently, only $55,000.00 of [EDF-RE's] liquidated damages claim has become due and payable. It is this amount, plus interest at the contract rate, which is owed by RES to EDF-RE.

And in its order, the district court stated:

> [RES] owes to [EDF-RE] **$55,000.00** in invoiced liquidated damages, plus interest at the contract rate. [EDF-RE's] remaining demand for liquidated damages in the amount of $5,711,500.00 ($5,766,500 - $55,000) is denied for failure to follow the requirements in the EPC Agreement to invoice RES for liquidated damages due and owing.

EDF-RE appealed to this court, claiming that it was entitled to the full amount of liquidated damages. It made three arguments: (1) the agreement did not require EDF-RE to invoice for the liquidated damages, (2) it was futile for EDF-RE to invoice for the liquidated damages even if the agreement required one, and (3) its repeated demands for the liquidated damages nevertheless fulfilled the requirement of an invoice. In a footnote in its principal brief in that appeal, EDF-RE asked this court to "clarify" whether RES would be liable for liquidated damages if EDF-RE were to later send an invoice.

This court affirmed. *EDF-RE I*, 2022 WL 17574687, at *1. We concluded that the plain language of the agreement required EDF-RE to timely send an invoice for liquidated damages, that futility did not excuse the performance of the invoice requirement, and that the demand letter did not satisfy the requirement of an invoice. *Id.* at *4-6. We declined to address EDF-RE's request for clarification as to whether RES would be liable for liquidated damages if EDF-RE sent a subsequent invoice. *Id.* at *7.

3

On January 18, 2023, EDF-RE sent an invoice dated January 13, 2023 to RES for $5,711,000 in liquidated damages. RES declined to pay the invoice, citing *res judicata*. In February, EDF-RE filed suit, alleging breach of contract and seeking the remaining $5,711,000 of liquidated damages. RES moved to dismiss pursuant to Minn. R. Civ. P. 12.02(e) for failure to state a claim, arguing that EDF-RE's claim was barred by *res judicata* and collateral estoppel.

The district court granted RES' motion. It determined that both *res judicata* and collateral estoppel applied to prevent further litigation and, therefore, EDF-RE had failed to state a claim upon which relief could be granted.

EDF-RE appeals.

## DECISION

EDF-RE argues that the district court erred in its application of *res judicata* to its new complaint, contending that the district court incorrectly analyzed two prongs of the *res judicata* test. We are not persuaded.

Appellate courts review an order dismissing a case pursuant to Minn. R. Civ. P. 12.02(e) *de novo*. *Hebert v. City of Fifty Lakes*, 744 N.W.2d 226, 229 (Minn. 2008). A district court's application of *res judicata* likewise requires our *de novo* review. *Rucker v. Schmidt*, 794 N.W.2d 114, 117 (Minn. 2011).

*Res judicata* is based on the principle that a claim adjudicated by a court cannot be disputed in a later lawsuit between the same parties. *Hauschildt v. Beckingham*, 686

4

N.W.2d 829, 837 (Minn. 2004).[1]  *Res judicata*, also called claim preclusion, applies generally to a set of circumstances that gave rise to an entire lawsuit.  *Id.*  It applies "regardless of whether a particular issue or legal theory was actually litigated."  *Id.* at 840. There is a four-prong test for *res judicata*, and each prong must be met for the bar to apply. *Id.*

> Res judicata applies as an absolute bar to a subsequent claim when (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.

*Id.*

The district court determined that all four prongs were met.  EDF-RE challenges only the district court's determination on the first and third prongs.

***The Earlier Claim Involved the Same Set of Factual Circumstances.***

EDF-RE suggests that because it sent an invoice after litigation ended in the previous litigation, and RES declined to pay that invoice, its claim in this litigation is based on two new facts: the new invoice and RES' refusal to pay.  RES counters that, because in the previous lawsuit EDF-RE argued that it had satisfied the invoice requirement, the facts are the same as in the prior litigation and, instead, it has merely changed its legal theory.

---

[1] The principle is also aptly penned by Justice William B. Mitchell of the Minnesota Supreme Court in an 1881 decision we discuss below: "It is founded upon two maxims of the law, one of which is that 'a man should not be twice vexed for the same cause,' the other that 'it is for the public good that there be an end of litigation . . . .'" *Wisconsin v. Torinus*, 9 N.W. 725, 726 (Minn. 1881).

The first *res judicata* prong, requiring that the new claim involves the same facts as the previous claim, prevents a plaintiff from "split[ing] his cause of action and bring[ing] successive suits involving the same set of factual circumstances." *Hauschildt*, 686 N.W.2d at 840 (quotation omitted). A claim is "a group of operative facts giving rise to one or more bases for suing," and "the common test for determining whether a former judgment is a bar to a subsequent action is to inquire whether the same evidence will sustain both actions." *Id.* at 840-41 (quotations omitted).

EDF-RE's new complaint for breach of contract clearly involves the same "group of operative facts giving rise to one or more bases for suing." The allegations involve the same contract for the development of the same wind farm in Murray and Pipestone counties. Importantly, it alleges the same facts to support a breach of contract based on the same missed milestones and seeks the same liquidated damages remedy as in the previous lawsuit. As the district court properly noted, the exact same evidence will sustain both actions.

We are not persuaded otherwise by EDF-RE's argument that the January 2023 invoice and nonpayment of it by RES are new facts that bar the application of *res judicata*. EDF-RE had the option, prior to commencement of the first lawsuit, to send an invoice for the liquidated damages at any time after RES missed a milestone. EDF-RE chose not to do so. Instead, it argued unsuccessfully in the prior litigation that an invoice was not required, but if it was required, the demand letter it sent complied with the invoice requirement. *EDF-RE I*, 2022 WL 17574687, at *4-6. Finally, it argued it would be futile to send such an invoice, therefore obviating the need to comply with that requirement. *Id.*

6

at *6. These are decisions involving legal theory, which cannot be relied on to avoid *res judicata*. *Paulos v. Johnson*, 597 N.W.2d 316, 319 (Minn. App. 1999) ("A change in legal theory cannot be used to avoid res judicata."), *rev. denied* (Minn. Sept. 28, 1999).

As support for its argument that its January 2023 invoice and the nonpayment by RES are new facts which preclude *res judicata*, EDF-RE cites the 1881 *Torinus* case. 9 N.W. at 725. In that case, the district court determined that the agent for the state of Wisconsin (the seller) lacked authority to execute a contract involving the sale of logs with the Minnesota buyer (Torinus) and that, therefore, the sale was void. *Id.* Following that decision, the Wisconsin legislature ratified the contract, and the buyer raised collateral estoppel when the agent tried to collect the purchase price of the logs. *Id.* at 725-26. The Minnesota Supreme Court determined that the judgment from the first case did not bar the judgment after the ratification. *Id.* at 730. As part of its explanation as to why *res judicata* did not bar the subsequent litigation, the *Torinus* court stated,

> Intervening events, affecting the issue, may be shown to prevent a former judgment from being conclusive. The reason is obvious. If the rights did not exist, they could not have been passed upon. If they did not exist at the time of the former judgment, the causes of action in the two suits could not, in the nature of things, be the same.

*Id.* at 727.

*Torinus* does not support EDF-RE's claim. *Torinus* involved events that occurred after the first action, which did not exist at the time of the prior litigation. In contrast, EDF-RE had control prior to the first litigation of whether to invoice for the missed milestones. Therefore, its decision on whether, or when, to send an invoice was its theory.

7

And, as we noted, a decision to employ a different legal theory does not preclude application of *res judicata*. *Paulos*, 597 N.W.2d at 319. Or, to utilize the phrase from the *Torinus* decision, EDF-RE was aware of the "right" to submit the invoice for liquidated damages in the prior litigation. *See* 9 N.W. at 729.

In sum, the first prong of *res judicata* is met.

### *There was a Final Adjudication on the Merits.*

EDF-RE argues that "a judgment dismissing a claim for failure of a condition precedent is not a final judgment on the merits." And, it claims, the earlier district court dismissal, and our court's affirmance of that dismissal, equates to dismissal for failure to satisfy a condition precedent to bring a lawsuit which, generally, does not preclude future litigation. We disagree with EDF-RE's characterization of the prior decisions.

"[F]or res judicata purposes, a judgment becomes final when it is entered in the district court and it remains final . . . until it is reversed, vacated or otherwise modified." *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 221 (Minn. 2007).

Contrary to EDF-RE's contention, the district court adjudicated its claims on the merits following a trial. After concluding that RES had breached the contract regarding the missed milestones and awarding EDF-RE liquidated damages in the amount of $55,000, the district court determined that its "remaining demand for liquidated damages in the amount of $5,711,500.00 . . . is *denied* for failure to follow the requirements in the [contract] to invoice RES for liquidated damages." (Emphasis added). In other words, the district court did not dismiss EDF-RE's claim for failure to satisfy a condition precedent to bring a lawsuit, which would preclude a finding that a breach of contract occurred. *See*

8

*Garbush v. Order of United Com. Travelers of Am.*, 228 N.W. 148, 149 (Minn. 1929) (determining that the dismissal of a claim not yet due as "premature" did not preclude the litigant from bringing an action at the proper time to recover on the claim). Instead, it denied liquidated damages because EDF-RE had not provided the contractually required invoice. And, we did not reverse, vacate, or otherwise modify that judgment on appeal. *EDF-RE I*, 2022 WL 17574687, at *7 ("The district court did not err in concluding that appellant was only entitled to liquidated damages that it invoiced because, under the [contract], an invoice is a condition precedent to payment."). In sum, the district court did not dismiss EDF-RE's claim for failure to meet a condition precedent to bring a lawsuit but instead denied its claim on the merits, and we affirmed.[2] And because there had been a final adjudication on the merits of the invoice issue in the earlier lawsuit, the third prong of *res judicata* is met.

We conclude *res judicata* bars EDF-RE's claim for liquidated damages.[3]

**Affirmed.**

---

[2] EDF-RE relies largely on foreign caselaw to support its argument. We note that decisions from foreign authority are not binding on Minnesota courts but may be used for persuasive value. *Mahowald v. Minn. Gas Co.*, 344 N.W.2d 856, 861 (Minn. 1984). We do not find any of the cases cited by EDF-RE to be persuasive because they stand only for the principle that final adjudication of a breach-of-contract claim does not occur until a condition precedent has occurred. That is the law in Minnesota as well. *Krogness v. Best Buy Co.*, 524 N.W.2d 282, 287 (Minn. App. 1994), *rev. denied* (Minn. Jan. 25, 1995). But as we noted, the prior litigation was not dismissed for failure to meet a condition precedent.

[3] EDF-RE also challenged the district court's determination that collateral estoppel barred its claim for liquidated damages. Because we conclude that EDF-RE's claim is barred by *res judicata*, we do not address whether its claim is also barred by collateral estoppel.