## GLUCKAUF *v.* REED.

The right which a party acquires to public land by possession and occupancy may be lost by abandonment.   An abandonment divests the title as fully as a conveyance.

An abandonment of a possessory right to land may be inferred from disuse and cessation of occupancy.

The rule that a party by failing, under certain circumstances, to assert his title to property is thereby estopped from saying that he had title, does not extend so far as to debar him from asserting an *after-acquired* title.

Gluckauf *v.* Reed.

Where the defendant in an action of ejectment relies upon an abandonment by plaintiff of a title once held by him and a subsequent taking of possession by himself, the rules of law relating to adverse possession, have no relevancy, whatever may have been the relation of defendant to the title claimed to have been abandoned.

The abandonment destroys the title and all its relations, and the subsequent possession of defendant is a new and independent right.

APPEAL from the Fifteenth Judicial District.

The facts appear in the opinion.

*J. E. N. Lewis*, for Appellant.

I.   Defendant having received the benefit of the partition between him and Danforth, cannot deny its validity.   By afterwards assenting to the sale to Eaton, without asserting any title in himself, he is estopped from denying Eaton's title.

II.   Defendant's possession was obtained from plaintiff's grantor, and is not, therefore, an adverse possession.   If he afterwards claimed adversely, his possession under such claim was not of the character or continued for a sufficient length of time to enable him to gain a title thereby.   (*Livingston* v. *Penn. Iron Co.*, 9 Wend. 511; *Hawks* v. *Seuseman*, 6 Serg. & Rawle, 21; *Jackson* v. *Schoomaker*, 2 Johns. 230; *Baronett* v. *Ogden*, 1 Id. 230; *Doe* v. *Campbell*, 12 Id. 365; 13 Id. 118; 2 Caine, 183; 1 Id. 444; 3 Johns. 498; 16 Id. 293.)

III.   The evidence did not warrant the Court in finding an abandonment by plaintiff.

*Smith & Rosenbaum*, for Respondents.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the possession of a lot in the town of Oroville.   The plaintiff's title is founded upon the prior possession of one Eaton, who conveyed to him.   The defendant denies the prior possession of Eaton, avers that the plaintiff and those from whom he claims have not had any possession of the property within five years before the commencement of the action, and that he has

been in possession for over seven years. The plaintiff in his replication denies the new matter alleged in the answer, and avers that one Danforth was formerly in possession and sold to Eaton, and that the defendant assisted Danforth in selling to Eaton, was present when the sale and conveyance was made, and fraudulently remained silent, and concealed his interest, if any he had, from Eaton, and he is therefore estopped from setting up any claim.

The case was tried by the Court, who found the following facts: That in 1855, Reed and Danforth took up a tract of land, of which the premises in controversy formed a part, cleared off the brush and piled it around the tract, thus forming a partial inclosure; soon after, they agreed to divide the tract, Reed to take the east and Danforth the west half, but no division line was run or fence made. In October, 1855, Danforth sold his portion to Eaton in connection with some mining claims near by, who took possession, and used the cabin on it for his workmen up to February, 1857, when he ceased to occupy it, or any one under him. There was no inclosure around the lot at that time nor was it cultivated. In March, 1861, plaintiff purchased the right of Eaton, and February 20th, 1862, commenced this action. Reed entered into possession as early as 1859, and has remained in the quiet possession ever since. The Court held that the possession had been abandoned by Eaton, and that it was vacant land at the time of the defendant's entry, and therefore rendered judgment for the defendant, from which, and from an order refusing a new trial, the plaintiff appeals.

It is urged that the findings of the Court are not supported by the evidence. After a careful examination, we think the evidence sustains the findings. When Eaton abandoned the possession he ceased to have any right, title, or interest in the property, and the defendant or any other person had the right to enter and take possession, and such possession would vest in him the right of possession, as against Eaton, or any one claiming under him. The estoppel plead by the plaintiff, if fully proved, could not affect this after-acquired right of the defendant. Under some circumstances, the failure of a party to assert his title to property will be held to estop him from saying, at any time thereafter, that he had any title, at that time, as against a person who would be injured thereby,

or one claiming under him. But this rule does not extend so far as to debar him from asserting an *after-acquired* title. The reason of the rule ceases entirely when applied to such a case.

The rules of law relating to titles acquired by adverse possession have no application to this case. The right of Eaton, acquired by his possession, was of such a character that it was liable to be divested or lost at any time by mere abandonment. When once divested in this way, the right was gone from him, as much so as if he had made a conveyance of the property. The defendant, by entering upon and taking possession of the abandoned property, acquired a new right of possession, entirely independent of all other claims of title, and his right to the possession is superior to the claim of Eaton, and the plaintiff under him. The right which Eaton once had by priority of possession had been lost by abandonment, and it matters not whether the defendant's possession had existed for one day or for five years before suit brought; it is the better right.

Judgment affirmed.