WILLIAM MORSE *vs.* CALVIN MARSHALL.

A right in A. to take growing wood and crops from land of B., and make such other use of the land as is not inconsistent with B.'s unused right, incident to his title, to flow it for his mill-pond, is not a right which can be acquired by prescription.

In an action of tort for cutting and carrying away wood from the plaintiff's close, an allegation in the answer that the defendant "had a legal right to do all that he has done upon any part of the premises," following an allegation of soil and freehold of the defendant in a part of the close, and a denial that he entered any other part, is not a sufficient allegation of any right of the defendant in the close by way either of easement or of *profit à prendre*.

A judgment in an action of tort of the nature of trespass *quare clausum* is not conclusive as to the title to the close, nor as to the right of possession thereof at a time subsequent to the alleged trespass.

A judgment for the defendant in an action of tort of the nature of trespass *quare clausum,* in which the defence was an allegation of soil and freehold of the defendant in a part of the close, and which was tried upon the sole question of title, cannot operate as an estoppel to the plaintiff in a like action against the same defendant for a similar trespass upon the same close, if there is nothing to show that the localities of the two acts of trespass are identical.

TORT for cutting and carrying away wood and hay from the plaintiff's close, the bed of an old mill pond in Easton.

At the third trial in the superior court, before *Wilkinson,* J., it was agreed that this action, and also a similar action of Charles Albro against this defendant, the judgment in which for the defendant was relied on by him as conclusive of actual title in the present action, were brought in the superior court on the same day, by Isaac Merritt, under powers of attorney and assignments of all rights of action for trespasses on the premises, from the present nominal plaintiff, William Morse, and from Albro, respectively, the premises having been conveyed by Albro to Morse, and by Morse to Merritt, and the actions being for trespasses alleged to have been committed during the periods when the record title was in Albro and in Morse respectively. No question was made as to the record title to the premises being in the plaintiff at the time alleged, nor as to the commission by the defendant of the acts alleged to be acts of trespass; and a verdict was found for the plaintiff under rulings of the judge to which the defendant alleged exceptions. The case otherwise is sufficiently stated in the opinion.

*E. H. Bennett,* for the defendant, to the point that the defendant had acquired by prescription a right to take the growing wood and crops from the land, either by way of easement or of *profit à prendre,* cited *Arnold* v. *Stevens,* 24 Pick. 106; *Wilson* v. *Mackreth,* 3 Burr. 1824; Washburn on Easements, 79 *et seq.,* and cases cited; *Perley* v. *Langley,* 7 N. H. 233; *Welcome* v. *Upton,* 5 M. & W. 398, and 6 M. & W. 536; *Grimstead* v. *Marlowe,* 4 T. R. 717.

*E. Ames,* for the plaintiff.

WELLS, J. The record title to the premises covering the *locus in quo* is established in the plaintiff by the former decisions in this case. 11 Allen, 229. 13 Allen, 288. The defence is now placed upon two grounds. First, that the defendant has acquired title by disseisin. Second, that by adverse use he has acquired a right to take the growing wood and crops from the land and make such other use of it "as was not inconsistent with plaintiff's right to flow" it for his mill-pond.

Morse v. Marshall.

No question arises upon the instructions as to title by disseisin, except that which relates to the ruling upon the effect of the former verdict and judgment for the defendant in the case of *Albro* v. *Marshall.* That question applies equally to both grounds of defence.

.The jury having found, upon proper instructions, that the occupation of the defendant did not constitute a disseisin of the plaintiff, the defendant contends that they ought to have been allowed to find a verdict for him upon the second ground; and that the instruction was erroneous " that, unless they found upon the evidence disseisin of the entire fee of the land by the defendant, they should find for the plaintiff." The right claimed by the defendant at the trial was the entire usufruct of the land, subject only to the unused right of the plaintiff to flow it by his dam. But, as that right to flow had not been exercised for nearly thirty years, the evidence which would establish the right claimed by the defendant would establish complete title by disseisin. And if the evidence failed to establish the one it must fail also to establish the other. The right to flow, in the plaintiff who held the record title, was an incident of his title, and not an easement. An easement of a right to flow land of another, if there had been no abandonment of the right, might survive twenty years of such occupation as the defendant undertook to prove. This would be on the ground that such occupation was in accordance with the legal title of the occupant, and not adverse to the title or right of the owner of the easement. But when such exclusive occupation is relied upon to establish a right to the use of the land adverse to the owner of the title, it is difficult to see how there can be a reservation of the right to flow, in favor of the owner of the fee, out of the adverse rights thus acquired. It cannot be held as an easement, because the supposed owner of the right is owner of the servient estate. In this case, as there has been no exercise of the right to flow within the period covered by the evidence of adverse use, whatever rights were acquired by such use would be without any restriction in favor of such flowage. If the plaintiff should seek to exercise his right to flow, he must do it as owner

of the fee in the land; and we can see nothing in the case which would make the evidence of the defendant's use and occupation less effective against this incident of ownership of the land than against any and all other incidents of ownership. So far as the defendant's proof tended to show an adverse use it tended to show an exclusive occupation. Without attempting to define in what manner or to what extent a right to take the product of the soil of another may be gained by prescription, we are satisfied that the ruling of the presiding judge, " that the defendant could not acquire by adverse use or prescription the limited right or easement that he claimed," as applied to the position of this case, was practically correct. Nothing appears in the case to indicate that the defendant acquired less than the fee by disseisin, if he acquired any title. It does not appear therefore that he has been, in any way, prejudiced by the ruling of the court. The rulings of the court below seem to have been made without reference to the pleadings; and we have therefore considered them in like manner. But upon examining the plea it is apparent that the defendant has in fact set up no right in himself but that of soil and freehold. His allegation that " he had a legal right to do all that he has done upon any part of the premises," following allegations of soil and freehold in a part of the premises, and a denial that he entered any other part thereof, is not a sufficient averment of right in the land of another either by way of easement or a right of *profit à vrendre.*

As to the effect of the former judgment relied upon by the defendant, the ruling of the court below seems to us to have been correct. Making no question as to there being such a privity between the parties as to render the judgment admissible in evidence, the court ruled that it was not conclusive. A judgment for the defendant in an action of trespass *quare clausum* does not necessarily settle anything beyond the particular facts of the trespass sued for. It may be rendered upon failure of the plaintiff to prove the acts alleged, or upon his failure to prove his right of possession. Either would be sufficient to sustain the judgment for the defendant. If the proofs should

make it appear that the issue by which the case had been determined was upon the right of possession, still the judgment would only determine the right of possession at the time of the commission of the, trespass set forth in that case. It is not conclusive upon the title, because the right of possession only, and not the title, is involved in an action of trespass. *Johnson* v. *Morse*, 11 Allen, 540. It is not conclusive upon the right of possession even, at a subsequent time; because intervening events may have restored the plaintiff to possession, or terminated the possession or the right which the defendant had at the time of the former trial. *Thayer* v. *Carew*, 13 Allen, 82. *Stevens* v. *Taft*, 8 Gray, 420. Such intervening events affecting the issue may be shown to prevent a former judgment from being conclusive, even where the title has been tried in a writ of entry. *Perkins* v. *Parker*, 10 Allen, 22.

In the present case the defendant offered proof that the other action was tried upon the sole question of title to the premises. If title in the defendant could be thus conclusively established in an action of trespass, it must be such title only as was put in issue. The plea in the former action was " that a part of the close mentioned in the plaintiffs' writ was the soil and freehold of the defendant," and a denial that he entered any other part f the close. Judgment upon such a plea could not establish a ght to any particular portion of the premises except the part pon which that trespass was committed. There was nothing to show that the localities of the two successive trespasses were identical.

But, further than this, it appeared, from the whole evidence on this point, that the jury in the former case did not pass upon the question of title at all. Certain facts were found specially by them. But those facts did not settle the question of title, as has been since determined by this court. Thereupon the judge directed a general verdict for the defendant. The judgment upon that verdict is conclusive for all purposes as a judgment in that case, notwithstanding any error of law upon which the direction to the jury was founded. But when the defendant seeks to set it up in this case as an estoppel upon the question

of title, the proof shows that no such question was determined as matter of fact in the former case, and therefore the estoppel · is not made out.                         *Exceptions overruled.*