## OLESON VS. MERRIHEW.

*When and how far former judgment a bar.*

1. In general, the judgment in a former action is no bar to a subsequent one, unless the parties to the second are the same as those to the first, or their representatives.

2. Where a former action failed as to one part of plaintiff's demand, because prematurely brought, the judgment is no bar to a subsequent action by the same plaintiff on that part of the demand, after the same has matured.

3. O. and S. sued defendant in justice's court, alleging that, by reason of a certain sale by defendant of their property, he was presently indebted to them in the sum of $75, and was further bound to deliver them a promissory note at one year for $75 and interest, which he had refused to do; and the relief demanded was, that defendant be adjudged to pay the sum presently due, and to give plaintiffs a note of the kind described. Plaintiffs had judgment for the $75 only, the justice having no power to grant the other relief, and it appearing that no note was *demanded* of defendant before suit. *Held,* that such judgment is no bar to an action

Oleson vs. Merrihew.

brought after demand of the note duly made on defendant, and refused, or after he has collected from the purchaser of the property the amount for which such note should have been given, and refused to account therefor.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice TAYLOR:

"This was an action commenced in a justice's court, to recover a part of the consideration received by the defendant on the sale of a 'Threshing Machine Horse Power' belonging to the plaintiff. The only real defense was a former suit in bar.

"The evidence on the trial shows that, prior to the commencement of this action, the plaintiff and one O. Storle commenced a suit against the same defendant, in a justice's court, to recover for a part of the consideration received by the defendant on the sale of the same threshing machine power, and that they recovered judgment in such action for the sum of $75 and costs.

"The evidence upon this and the former trial, on the part of the plaintiff, showed that the plaintiff had authorized the defendant to sell the plaintiff's machine, which was in defendant's possession, for the sum of $150, for half cash, and the balance to be secured by a good note of the purchaser, due in one year. The defendant did not deny the agency to sell, nor the terms of sale, except that he alleged he was authorized to sell for $100, part cash and part on credit; he admitted that he had sold the machine together with a separator belonging to the defendant, for the sum of $440 in all, and that previous to the first trial he had received $220 in cash on such sale, and had the purchaser's note for the other $220, due in one year from the date thereof. This last note had not been paid when the suit was tried in the circuit court. The summons in the first action was issued on the first day of November, 1875, returnable on the 12th of November, 1875. The record does not disclose when it was served, and the only evidence of a demand upon the defendant by the plaintiff for the note which he was authorized to take on the sale, was of a demand made the 3d day of November, 1875.

" The complaint in the former suit was as follows:

" ' JOHN OLESON AND O. STORLE vs. P. E. MERRIHEW.

" ' The above named plaintiffs, for their complaint in this action, allege that during the months of July and August (the precise day of the month or months these plaintiffs are not able to state), the plaintiffs employed the defendant to sell for them a certain horse-power, known and described as the Storle horse-power; that said defendant was to receive as commission for the sale of said horse-power, the difference between the sum of $150, the cost price of said machine, and the sum of $190, the retail price thereof, and that he was instructed by said plaintiff *John Oleson* to sell said machine for $150, and no less; that defendant sold said machine, as plaintiffs verily believe, for the sum of $150, for which sum he is justly indebted to said plaintiff, and that said sum is now due in the manner and form as hereinafter set forth, according to the terms of their agreement; that the sum of $75, and interest from the time of such sale down to the time of the commencement of this action, is now due and owing this plaintiff in cash from said defendant, and the further sum of $75 is not yet due, but the said defendant was to give said plaintiff a promissory note running one year, with interest thereon at ten per cent. per annum, which note the said defendant refuses to give, though requested to do so by these plaintiffs.

" ' Whereupon the plaintiffs demand judgment that said defendant be required to pay the said sum of $75, as heretofore set forth, and that he be required to give the certain promissory note bearing interest as above set forth, running one year from the time said machines were sold by him for these plaintiffs, and that he pay all costs of the plaintiffs in this action.'

" The answer in that suit was a general denial, an admission that on the 5th day of November, 1875, the defendant was indebted to the plaintiff in the sum of $102.60, and an averment that he had tendered the plaintiff that sum after suit was brought, which was refused. The judgment was in favor of the plaintiffs, for the sum of $75 and costs of suit."

Oleson vs. Merrihew.

Plaintiff had a verdict in this action; a new trial was denied; and from a judgment on the verdict, defendant appealed.

*Geo. P. Knowles*, for appellant, argued that the former judgment was a bar to this action.   1. The plaintiff herein testifies that no one but himself had any interest in the claim sued upon in that action, but Storle was made a plaintiff " because he owned an interest in the patent right " by which the horse-power was protected.   It appears, therefore, that the claim was of such a character that it might be prosecuted in the name of both, or in that of *Oleson* alone, and the judgment thereon in favor of both is a bar to another action thereon in favor of one or both.   *Green v. Clark*, 5 Denio, 497.   2. Plaintiff's evidence also shows that defendant was acting as his agent in selling· the machine upon commission; that he violated his instructions in selling for a less price than was stipulated, and in appropriating the proceeds, thereby making himself liable to his principal, on demand, for the whole stipulated price, or the value of all the proceeds of the sale (1 Parsons on Con., 58; 13 Johns., 332); and that demand of the note was made by plaintiff before commencing the former action.   Plaintiff's whole claim for $150 was therefore due before the former action was commenced, and due by virtue of the same contract; and it was one entire demand, which the law would not allow him to split.   Herman on Est., §§ 72–93; 1 Wait's L. & P., 886–954; *Bendernagle v. Cocks*, 19 Wend., 207; 15 id., 557; 13 id., 645; *Morgan v. Plumb*, 9 id., 288; *Guernsey v. Carver*, 8 id., 492; *Miller v. Covert*, 1 id., 487; *Fish v. Folley*, 6 Hill, 54; *Phillips v. Berick*, 16 Johns., 136; 15 id., 432; *Platner v. Best*, 11 id., 530; 2 id., 210; 1 Sweeney, 19; 62 N. Y., 373; 12 Wis., 544.

For the respondent, there was a brief by *Coleman & Spence*, and oral argument by *Chas. E. Shepard*:

All the causes of action which the plaintiff in an action may have against the defendant therein at the time of its commencement, even though they arise out of the same transaction, need not be joined in such action; the statute as to such joinder being merely permissive.   R. S. 1878, sec. 2647;

*Eastman v. Porter*, 14 Wis., 49. The rule against *splitting* demands applies to cases of running accounts, or demands arising out of one distinct contract, which are *indivisible;* but it does not require the joinder of two claims, even arising out of the same contract, where one requires a *demand* and the other does not.

TAYLOR, J. Upon the evidence, we think there are two reasons why the former judgment is not a bar to the present action:

1. Because the parties to the former action were not the same as the parties to this action. The record in that action is conclusive that the defendant was indebted to the plaintiffs *Oleson* and Storle for the sum of $75, a part of the money received on the sale of the machine. The judgment rendered in the former suit, and which has been paid by the defendant, estops him from denying that the part of the money received by him on the sale of the machine, and recovered in that action, belonged to *Oleson* and Storle jointly, and not to *Oleson* separately, and can therefore be no bar to the claim of the plaintiff that the balance of such purchase money belongs to him alone. The general rule is, that a judgment in a former action is not a bar to a subsequent one, unless the parties to both actions are the same or the representatives of the same. Freeman on Judgments, § 252; *Lawrence v. Vernon*, 3 Sumner, 20; *Sheehy v. Mandeville*, 6 Cranch, 253, 264; *Benz v. Hines*, 3 Kansas, 397; *Hawes v. Waltham*, 18 Pick., 451–454.

2. The evidence given on the trial of the former action was insufficient to entitle the plaintiffs to recover for the nondelivery of the note which, it was claimed, the defendant ought to have delivered to the plaintiffs (had the complaint claimed judgment for damages for such nondelivery). As to such part of the plaintiffs' demand, the action was prematurely brought, and it would be no bar to a subsequent action therefor, had the parties been the same to both actions. Freeman on Judgments, § 268; *McFarlane v. Cushman*, 21 Wis., 401; *Bull v. Hopkins*, 7 Johns., 22; *Hurst v. Means*, 2 Sneed, 546; *Kane v. Fisher*, 2 Watts, 246; *King v. Fuller*, 3 Caines' R., 152. The

record shows that the only demand made by the plaintiff on the defendant for the delivery of the note, was made on the 3d day of November, 1875. The suit was commenced on the 1st of November, 1875. The note not being then due, and the demand having been made after suit brought, the action for that part of the plaintiffs' claim failed. *Bannister v. Patty's Executors*, 35 Wis., 215–227.

It is evident that the first action was not brought by the plaintiff and Storle for the purpose of recovering *damages* for the nondelivery of the note according to agreement, after refusal to deliver the same, but upon the erroneous idea that the justice's court could grant equitable relief, and compel the delivery of the note. The justice rightfully determined that he had no such power; and that part of the complaint was dismissed, and judgment rendered for the sum then due.

There can be no doubt of the right of the plaintiff to bring two actions to recover the two demands against the defendant, the one demand being for the payment of $75 in money presently, and the other being for the delivery of a note for $75 payable in a year thereafter. In such case, the plaintiff could bring an action immediately and without demand to recover the $75 in money; and as to the note, he could demand the same, and, if the delivery was refused, bring an action to recover for the breach of the contract in refusing to deliver the note, and in that action recover the value thereof. As the plaintiff in his first action did not attempt to recover the value of the note on the ground that the defendant had refused to deliver the same, nor make any other claim on account thereof, which the court had jurisdiction to determine, the defendant, in order to make that action a bar to the present one, in any view of the case, must show affirmatively that when that action was instituted, the plaintiff had the right to recover damages for the nondelivery of the note, and therefore should have joined his claim for such damages with his claim to recover the money. The right to join such cause of action and to recover therefor, depended upon the fact whether a demand of the note had been made; and as the proof shows there had been

no such demand, no right of action therefor had been perfected before such action was commenced; and consequently, if the same had been claimed in that action, no recovery could have been had therefor.

We think the case was fairly submitted to the jury by the learned circuit judge, and that there was no error in refusing to give the instructions asked by the appellant.

*By the Court.* — The judgment of the circuit court is affirmed.