CENTRAL BAPTIST CHURCH *vs.* GIDEON MANCHESTER.

NEWPORT—JUNE 28, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice.   Trespass and Ejectment.   Former Judgment.*

In an action of trespass and ejectment, a plea setting up that a prior action of trespass *quare clausum fregit* was brought by the defendant against C., who pleaded soil and freehold in and twenty years' possession of the land in question by the present plaintiff, whose agent and servant he was in entering the close ; that the trespass was upon the same property described in the present action, and that the present plaintiff openly intervened and took part in said trial, assuming the control thereof, for the defence of its title to said close and to avert liability which it was under to indemnify C.; and that the jury in the prior action found that the soil and freehold and possession were not in the present plaintiff ; and that judgment was entered for the plaintiff in that action (the present defendant); and that the plaintiff is bound by said judgment, is good, and conforms to the requirements heretofore laid down for such pleas.

(2) *Pleading and Practice.   Effect of Judgment in Trespass quare clausum fregit.*

A judgment in an action of trespass *quare clausum fregit* operates as an estoppel only to the extent of the issue actually tried in the action, and will not prevent a party from showing that it does not apply to the title in issue in a subsequent action.   When, in a subsequent action between the parties, no new title is set up, the estoppel applies ; but it does not apply when the title is not the same.

(3) *Pleading and Practice.   After-Acquired Title.   Power of Legislature to Amend Defects.*

To a plea of former judgment in an action of trespass and ejectment the plaintiff replied that after the former trial and before the present action the General Assembly passed a resolution validating and confirming to the plaintiff title under a deed given the plaintiff before it was incorporated :—

*Held,* on demurrer, that the plea was analogous to one of an after-acquired title.

*Held,* further, a resolution of the General Assembly confirming a title to real estate to an organized body which, for want of the legislative authority of incorporation at the time the deed was given, it could not hold, was not unconstitutional, the resolution making no reference to private rights and not purporting to affect them.

*Semble,* A legislature can remedy a defective execution of powers by municipal corporations, by probate and other officers which it creates, and supply authority as to its own laws where they have been lacking or

where there has been a failure to conform to them. Acts of this kind may be retroactive, but they cannot affect private rights.

TRESPASS AND EJECTMENT. The facts are stated in the opinion. Heard on plaintiff's demurrer to defendant's second plea in bar, and on defendant's demurrer to plaintiff's replication to the plea. Demurrers overruled.

(1)    STINESS, J. To the plaintiff's declaration in ejectment the defendant's second plea sets up that a prior action, in trespass *quare clausum*, was brought by this defendant against James B. Church, who pleaded soil and freehold in and twenty years' possession of the land in question by the Central Baptist Church, whose servant and agent he was in entering the close; that the jury in the prior action found that the soil and freehold and possession were not in said Central Baptist Church, whereupon judgment was entered for the plaintiff in said action; and that the present plaintiff is bound by said judgment because it participated in the trial. The plaintiff demurs to this plea.

In *City of Providence* v. *Adams*, 10 R. I. 184, the question of the effect of a former judgment in trespass *qu. cl.*, with plea of title in the defendants, was exhaustively considered. It was held that only the title to that part of the tract in which the alleged trespass was committed was thereby put in issue.

In the present case it is alleged that the trespass was upon the same property herein described, and that the present plaintiff openly intervened and took part in said trial, assuming the control thereof, to the knowledge of the plaintiff in that action, for the defence of its title to said close and to avert liability which it was then under to indemnify said James B. Church against the judgment that might be rendered against him. The plea conforms to the requirements laid down in the decision of a previous demurrer in this case, *Central Church* v. *Manchester*, 17 R. I. 492, and, as a plea, is therefore good as to the land covered by the trespasses proved in the former case.

Subject to the foregoing demurrer, the plaintiff replies to

the plea that after the former trial, and before this action, the General Assembly passed a resolution validating and confirming to the plaintiff title under a deed given to the society in 1806, before it had been incorporated. The defendant demurs to this replication.

(3)    A legislature can remedy a defective execution of powers by municipal corporations, by probate and other officers, which it creates, and supply authority as to its own laws, where they have been lacking, or where there has been a failure to conform to them. This is the class of cases cited by the plaintiff in support of the legislative action pleaded, *e. g.*, *National Bank* v. *Yankton Co.*, 101 U. S. 129; *Thompson* v. *Perrine*, 103 U. S. 806; *State* v. *Newark*, 27 N. J. L. 185; *Wilkinson* v. *Leland*, 2 Pet. 653; *Thompson* v. *Lee*, 3 Wall. 327; *Kearney* v. *Taylor*, 15 How. 494. See also *Thurston* v. *Thurston*, 6 R. I. 296; *Post, Pet'r*, 13 R. I. 495.

Acts of this character may be retroactive, but they cannot affect private rights, and cases upon this subject carefully guard against such an interpretation.

Thus in *State* v. *Newark* the court said : "A statute which undertakes to take away from one person vested rights of property and transfer them to another, against the actual or fairly implied assent of the party injuriously affected, may well be considered as not a legitimate exercise of the legislative power, and as therefore unconstitutional and void. . . . But laws curing defects, which would otherwise operate to frustrate what must be presumed to be the desire of the party affected, cannot be regarded as taking away vested rights.".

The same guarding of individual rights is found in Judge Story's opinion in *Wilkinson* v. *Leland*.

In *State* v. *Dexter*, 10 R. I. 341, an appeal from the layout of a highway had been allowed, by resolution of the General Assembly, to be filed after the time fixed by law for an appeal had passed. The action of the General Assembly was sustained upon the ground that it was a purely public matter which infringed no private rights. In *Taylor* v. *Place*, 4 R. I. 324, it was held that a vote of the General Assembly

which ordered judgment to be opened to let in new testimony was unconstitutional and void.

A full citation of authorities and of the classes of acts which have been upheld is given in *Forster* v. *Forster,* 129 Mass. 559.

In *Wood* v. *Hammond,* 16 R. I. 98, a bequest was made to the Society for the Prevention of Cruelty to Children in excess of the amount which it was authorized to hold under its charter. Before the probate of the will was completed the charter was amended by increasing that amount. It was held, however, that, as the will became operative from the death of the testator, the amendment could not affect the right of legatees, which were to be determined as of that time.

Briefly stated, the rule is well settled that the legislature may cure defects which do not injure private rights. Under this rule, the resolution of the General Assembly before us is not unconstitutional. It makes no reference to any private rights and does not purport to affect them. It simply confirms a title to an organized body, which, for lack of the legislative authority of incorporation, it could not hold. The legislature gives the authority, by the resolution, to effectuate the intent of the parties to the deed, and it does no more. The deed now stands as though the plaintiff had been an incorporated body at the time it was given.

The question before us, however, is a question of pleading. The resolution not being bad on its face, as unconstitutional, we have to consider its effect as a reply to the defendant's plea. The substance of that plea is that the title to the land in question has been litigated in the former suit, and that the plaintiff is estopped by the judgment, by reason of its intervention, in the prior action. The replication seeks to confess and avoid this plea. It impliedly admits the judgment, and sets up the resolution as completing a title defective at the time of the judgment. The effect of the plea is therefore analogous to one of an after-acquired title. Ordinarily a judgment in trespass *qu. cl.* determines simply a possessory right. It is only when title is pleaded that the judgment operates by way of estoppel against a retrial of

the same title.   The defendant in this case can rely on the judgment only to the extent of the issue which he has already tried.   That issue, assuming the present plaintiff to have been a party to the former suit, an averment denied in another replication, resulted in a verdict that this plaintiff had not the soil and freehold nor prior possession for twenty years.   It did not decide that this defendant had the title, so as to settle that question conclusively, nor did it settle the fact that this plaintiff could not acquire a title which would give it a right of possession.   The effect of the judgment is negative as to the rights of this plaintiff at that time, rather than affirmative of conclusive rights in this defendant.   For whatever it is worth it must stand, but we see no reason why this plaintiff may not show that it does not apply to the title now in issue.   The leading case of *Outram* v. *Morewood,* 3 East, 346, goes only to this extent, of an estoppel in respect of the same fact or title.   Lord Ellenborough said : " It is not the recovery, but the matter alleged by the party and upon which the recovery proceeds, which creates the estoppel."   Also : " The judgment in trespass affirms a right of possession to be, as between the plaintiff and the defendant, in the plaintiff at the time of the trespass committed.   In the real action, it affirms a right to the freehold of the land at the time of the writ brought."   When, as in *City of Providence* v. *Adams, supra,* no new title is set up, the estoppel applies ; but it does not apply when the title is not the same. To this effect are *Perkins* v. *Parker,* 10 Allen, 22 ; *Utter* v. *Franklin,* 172 U. S. 416 ; *Morse* v. *Marshall,* 97 Mass. 519.

We therefore decide that the resolution set up in the third replication affects no rights of the defendant in the judgment pleaded, and it is not unconstitutional ; that it sets up, as a proper defence, a title not in issue in the former action, by way of avoidance of the estoppel claimed ; and hence that the demurrer to the replication must be overruled.

*Wm. P. Sheffield,* for plaintiff.

*C. A. Ives and F. F. Nolan,* for defendant.