JERSEY CITY, HOBOKEN AND PATERSON STREET RAIL-
WAY COMPANY v. BOROUGH OF GARFIELD.

Submitted July 8, 1902—Decided September 26, 1902.

The township committee of the township of Saddle River passed an
ordinance granting certain rights to the prosecutor, an electric
railway company. After the acceptance of this ordinance by the
prosecutor the borough of Garfield was formed out of a part of
the territory of the township. An ordinance of the borough an-
nulling the ordinance of the township is held to be void.

On *certiorari.*

Before Justices GARRISON and COLLINS.

For the prosecutor, *William B. Gourley.*

For the defendant, *Adrian D. Sullivan.*

The opinion of the court was delivered by

GARRISON, J. This *certiorari* brings up an ordinance of the
borough of Garfield, approved September 21st, 1901. The
object of this ordinance is to annul a franchise to lay the
appurtenances necessary for operating an electric railway
granted to the prosecutor by an ordinance of the township
committee of the township of Saddle River, passed March 2d,
1898. After the acceptance of the earlier ordinance by the
prosecutor, the borough of Garfield was formed out of a part
of the territory of the township of Saddle River. This cir-
cumstance, together with the alleged failure of the prosecutor
fully to perform its duty in the premises, was apparently
deemed by the borough authorities to vest in them jurisdiction
to revoke the franchise granted by the older municipality.
This misconception is fundamental in character. The rela-
tion arising from the acceptance of the ordinance of the town-
ship by the prosecutor cannot be abrogated by the legislative
fiat of the borough. It is needless to consider the other objec-
tions raised to this ordinance. The prosecutor is entitled to
have it set aside, with costs.