## MARKS et al. v. STEVENS et al.

No. 8703—Opinion Filed Dec. 17, 1918.

On Petition for Rehearing March 25, 1919.

(179 Pac. 7.)

1. **Judgment — Conclusiveness — New Facts—Estoppel.**

A final judgment only determines the facts as they appear in the pleadings. The estoppel of a judgment extends only to the facts which were determined at the time the judgment was rendered, and as to the legal rights and relations of the parties as fixed by the facts so determined; and when new facts intervene before the second suit, furnishing a new basis for the claims and defenses of the parties respectively, the issues are no longer the same, and consequently the former judgment cannot be pleaded in bar. 23 Cyc. 1161.

2. **Same—Estoppel by Judgment—Different Issues—"Cause of Action."**

The plaintiff brought action on a note and mortgage executed to secure the note, specifically setting forth a purported indorsement of the note and assignment of the mortgage by the original payee, whose signatures are shown to have been made by mark, but are defective, because of not being witnessed and attested as required by law, and the court dismissed the action, whereupon the plaintiff afterwards procured indorsement and assignment duly executed, and brings a new action setting up his right to the relief, based on the after-acquired indorsement and assignment. Held, that the facts constitute a different cause of action and the dismissal, even if amounting to a final adjudication of the former cause of action, will not be res judicata as to the new cause of action (quoting Words and Phrases. First Series, Cause of Action).

(Syllabus by Stewart, C.)

Error from District Court, Hughes County; John Caruthers, Judge.

Foreclosure action by Elizabeth Stevens

against John N. Marks and others. Judgment for plaintiffs, and certain defendants bring error. Affirmed.

J. E. Whitehead, for plaintiffs in error.

S. F. Brady, C. B. Mitchell, and H. A. Kroeger, for defendants in error.

Opinion by STEWART, C. Foreclosure action was brought by Elizabeth Stevens, plaintiff, as assignee of a note and real estate mortgage executed by defendants John N. Marks and wife to D. H. Stevens. The defendant James E. Whitehead, at the time and long prior to the suit, held the legal title to the mortgaged land by deed of conveyance in which he specifically assumed the payment of the mortgage indebtedness in question. He and others having real or apparent interests affecting the land were made parties defendant. Issues were joined, the defendants offering as their only defense the dismissal of a former foreclosure action brought by the same plaintiff against the same defendants, based on a purported assignment of the same note and mortgage; it being averred that such dismissal had become and was res judicata as to the cause of action in the case at bar.

It appears that the original mortgagee, D. H. Stevens was illiterate, and that, prior to the bringing of the first suit, he had attempted to indorse the note and assign the mortgage to the plaintiff by mark; the signatures and marks not being witnessed and attested technically as required by statute. In the first action the assignment so executed, together with the note as indorsed and the mortgage, were pleaded and made a part of plaintiff's petition. The court, however, sustained an objection to the introduction of the assignment in evidence; the following colloquy, as shown by the record in the former case, taking place between the court and the attorneys:

"By the Court: I think that the objection to the execution by mark is good, and should be sustained as to the assignment. Have you anything further, Mr. Graves?

"By Mr. Graves (attorney for plaintiff): No, sir; we have nothing further.

"By Mr. Whitehead (attorney pro se): Well, we will ask for judgment.

"By the Court: You are entitled to a dismissal. Case dismissed, at cost of plaintiff."

A journal entry of dismissal was afterwards signed by the court, which, in its terms, did not expressly show whether the dismissal was with or without prejudice. Afterwards the plaintiff procured due and regular indorsement of the note and execution of an assignment, and brought the present action, in which the note properly indorsed and assignment duly executed are set forth in the petition, to which cause of action the defendants offered the plea of res judicata, and for trial of issue so offered the court rendered the judgment for plaintiff.

The defendants now seek in this court to escape an undisputed and undischarged indebtedness of several thousand dollars, assumed and acknowledged by Whitehead, the present owner of the mortgaged property, on a mere technicality resulting from inferred inadvertence of the trial court or of the attorneys; but, notwithstanding the unconscionable cupidity displayed, if the law warrants it, the defendants shall have their pound of flesh. We shall see. The defendants in their brief favor us with exhaustive citations of authorities for the purpose of showing that the record in the former case conclusively shows a final adjudication, not a mere nonsuit The brief repeatedly warns the court could not be misled by authorities apparently to the contrary. Duly grateful for the solicitude for the court expressed by counsel, we conclude that it is unnecessary in this case for us to determine whether or not the dismissal amounted to a final adjudication. Assuming that this is the effect, it was final only as to the cause of action at that time before the court. That action was based on the particular indorsement and assignment then set forth in her pleadings. In the present action she bases her right to relief on a different state of facts. An adjudication in the former action would not have the effect of canceling the note and mortgage. At most it only amounted to a determination that, at the time, the plaintiff's title to the note and mortgage was not perfect. There being no claim of outstanding equities between the original parties to the contract, we think the action of the court in dismissing the case is open to question, but that matter is not now before us. If the plaintiff did not own the note and security, the title yet remained in the original obligee, D. H. Stevens. He therefore had the right to transfer the same afterwards to the plaintiff, or to ratify a transfer already defectively made. Immediately upon so doing, the plaintiff became vested with a new right, upon which a new and different cause of action arose.

The distinction between a cause of action and a remedial right, or between a cause of action and the subject-matter of the action, must not be overlooked. In Pomeroy on Code Remedies (4th Ed.) p. 460, it is said:

"Every action is brought in order to obtain some particular result, which we term the remedy, which the Code calls the 'relief,'

and which, when granted, is summed up or embodied in the judgment of the court. This result is not the 'cause of action' as that term is used in the Codes. It is true this final result, or rather the desire of obtaining it is the primary motive which acts upon the will of the plaintiff and impels him to commence the proceedings, and in the metaphysical sense it can properly be called the cause of this action, but it is certainly not so in the legal sense of the phrase. This final result is the 'object of the action,' as that term is frequently used in the Codes and in modern legal terminology."

The author further says:

"In accordance with the principles of pleading adopted in the new American system, the existence of a legal right in an abstract form is never alleged by the plaintiff; but, instead thereof, the facts from which that right arises are set forth, and the right itself is inferred therefrom. The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong."

Words and Phrases, vol 2, p. 1019, following the rule in State v. Torinus, 28 Minn. 175, 9 N. W. 725, has this to say:

"In applying the rule that in order that a judgment in a former action may be a bar to recovery in another action the cause of action in the two cases should be the same, care must be taken to distinguish between the identity of the subject-matter of litigation and identity of the cause of action. The subject-matter in litigation may be the same, and yet the cause of action entirely different. Therefore, there is a well settled rule of law on the subject of res judicata that a former adjudication never affects after-acquired rights."

In 23 Cyc. 1161, the correct rule is found:

"The estoppel of a judgment extends only to the facts as they were at the time the judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined; and when new facts intervene before the second suit, furnishing a new basis for the claims and defenses of the parties respectively, the issues are no longer the same, and consequently the former judgment cannot be pleaded in bar."

In People v. Mercein, 3 Hill (N. Y.) 399, 38 Am. Dec. 644, the court held:

"If the cause of action be the same, the claim should be held extinguished. Where an entire right has been once litigated and. passed on upon its merits, it should not be stirred up again. To allow a second trial in such a case would be against public policy. But it would be likewise unjust to cut off

substantial rights which have not and never could have been tried, for the reason that they did not exist, or were disallowed at the moment for some fleeting cause which has ceased to exist."

And in State v. Torinus, supra, the court uses language directly applicable to the facts in the case at bar, wherein it is said:

"According to all the authorities it would be necessary in the present case, in order that the judgment in the former action should be a bar to a recovery in this action, that the 'cause of action' in the two should be the same. This proposition defendants do not controvert. Care must be taken also to distinguish between identity of the subject-matter of litigation and identity of cause of action, a distinction often overlooked. The subject-matter of litigation may be the same, and yet the cause of action entirely different. Therefore there is a well-settled rule of law on the subject of res judicata that a former adjudication never affects after-acquired rights. A judgment cannot prejudice rights which had not accrued to either party at the time of its rendition.

"Intervening events, affecting the issue, may be shown to prevent a former judgment from being conclusive. The reason is obvious. If the rights did not exist, they could not have been passed upon. If they did not exist at the time of the former judgment, the cause of action in the two suits could not, in the nature of things, be the same. Such a case comes within neither the letter nor spirit of the rule that a man cannot litigate the same question twice. The authorities sustaining and illustrating this principle are both numerous and uniform. Thus, an assignee of a mortgage having brought suit to foreclose, judgment was given against him for a defect in the assignment. Held no bar to another suit brought after the assignment had been perfected. Mitchell v. Cook, 29 Barb. 243. A decree fixing the fact that plaintiff had no title at the time of the commencement of a former suit is no bar to another suit brought after having acquired proper title. University v. Maultsby, 2 Jones Eq. [55 N. C.] 241; Taylor v. McCracken, 2 Blackf. [Ind.] 260; Woodbridge v. Banning, 14 Ohio St. 328; Gluckauf v. Reed, 22 Cal. 468; McKissick v. McKissick, 6 Humph. [25 Tenn.] 75."

The following are cases in point: McFarlane v Cushman, 21 Wis. 401; Hurst v. Means 2 Sneed (Tenn.) 546; Jones v. City of Petaluma, 36 Cal. 230; Reed v. Calderwood, 32 Cal. 109; Morse v. Marshall, 97 Mass. 519; Perkins v. Parker, 10 Allen (Mass.) 22; Oleson v. Merrihew, 45 Wis. 397; Bank v. Lewis, 8 Pick. (Mass.) 113; Tracy v. Merrill, 103 Mass. 280; Bull v. Hopkins 7 Johns. (N. Y.) 22; Crabtree v. Welles, 19 Ill. 55; Gage v. Holmes, 12 Gray (Mass.)

428; Barrows v. Kindred, 4 Wall, 399, 18 L. Ed. 383.

In the instant case it is not necessary to go beyond the record proper in the former case to determine that, while the subject-matter and the object sought were the same in each of the cases, yet there was no identity of causes of action; hence, whatever may be the effect of the dismissal as to the issues then pending, the same cannot be offered in bar of the cause of action in the instant case.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

### On Petition for Rehearing.

McNEILL, J. Our attention is called to several statements in the opinion wherein Commissioner STEWART stated in substance or to the effect the record disclosed that after the trial of the former case, to wit, No. 640, D. H. Stevens had transferred the note and mortgage to these plaintiffs. The statements are inaccurate, as the record does not so disclose; but the record does disclose that the instruments show upon their face a transfer which was not upon them at the time of the former trial. The statements in the opinion are not of sufficient importance to change the result. The statements might present a different question, if any objection had been made to the introduction of the note and mortgage by reason of the transfer being insufficient; but the record disclosed that the only objection to the introduction of the note and mortgage was that the same was objected to for the reason that the subject-matter had been once litigated and the same was res adjudicata. The note, as disclosed by the record in controversy in case No. 640, was payable to D. H. Stevens, and signed by John N. Marks and Martha Marks, with no sufficient indorsement thereon to transfer the title. The note sued on in the present case is signed in the same manner, but in addition thereto the record discloses the following indorsement:

"Real Estate First Mortgage ' Bond. $1,-900.00. John N. Marks and Wife to D. H. Stevens Interest on the first day of March and September Principal due March 1st, 1909. Negotiated by the Deming Investment Company, Oswego, Kansas."

"For value received, pay to Elizabeth Stevens, or order, without recourse.

his

"[Signed] D. H. X Stevens.

mark.

"Witness 'to mark of D H. Stevens, who cannot write, and at whose request and in whose presence I write his name.

"Attest:        [Signed]   D. M. Stevens.
        "[Signed]   Sarah P. Stevens.
                "Velma S. Stevens."

And in addition to the suit in the present case being a suit upon the note, which shows a complete and different indorsement than the one sued on in case No. 640. The plaintiff below asked judgment in case No. 640 against John N. Marks and Martha Marks, and set up the further allegation that James E. Whitehead claims some right, title, and interest in the premises, the extent and nature of which was unknown to plaintiff, but his interest was inferior to that of the plaintiff, and that he (Whitehead) be required to set up his interest in said premises. The answer of all of the defendants below was by way of general denial, and the further fact that another cause of action was pending between the same parties in case No 591, involved the same cause of action, and for that reason the court had no jurisdiction.

The petition, in the case at bar contained the allegation that on November 11, 1905, John N. Marks and Martin Marks sold the premises to James E. Whitehead, and that James E. Whitehead assumed and agreed to pay the note herein, and thereby became liable, and is now bound and liable to pay the amount thereon.

It can be readily seen that the two causes of action are not the same. The latter cause of action, in so far as John N. Marks and Martha Marks is concerned, is brought upon a note which upon its face shows a perfect indorsement in so far as James E. Whitehead is concerned; the former case only suggested that he claimed some interest in and to the premises. This is entirely a different and separate cause of action so far as James E. Whitehead is concerned. By reason of these facts, an objection on the ground that the matter had been once adjudicated could not be sustained upon that theory.

The plaintiffs in error have cited authorities in their brief, and suggest, when a court dismissed an action in equity, that it is dismissed with prejudice, and cite a great number of authorities upon that theory; but this is an action triable by a jury; the foundation of this action was to recover a money judgment from John N. Marks and Martha Marks upon a note which showed upon its face a complete transfer, and as far as James E. Whitehead was concerned it was an action to recover a money judgment against James E. Whitehead upon his as-

sumption in his deed to pay the mortgage debt due on the premises. The equity feature of the case, being a foreclosure of the mortgage, was only incidentally involved. The trial court in case No. 640 did not render judgment in favor of the defendant. It was not a question of what the court had a right to do, but only a question of what the court did do.

In that case the defendants asked for judgment; this the court refused, but stated the defendants were only entitled to have the case dismissed. Neither party appealed from this decision; if the defendant was entitled to judgment, when they asked the court to give them judgment, and the court refused, they would be bound by that proceeding, unless they appealed from the same.

From an examination of the pleadings and the record in the case, and the fact that the objection made to the introduction of the note, mortgage, and deed in evidence only went to the fact that the same had been once adjudicated, when the petition in both cases disclosed a different state of facts, and as far as James E. Whitehead was concerned asked for a different relief, and upon a different cause of action, the claim cannot be sustained.

We think the conclusion reached by the Commissioner is correct, and the petition for rehearing is therefore denied.

All the Justices concur.